— O —

MARÍA DE LOURDES ANDRADES RODRÍGUEZ, apelante, *v.* PIZZA HUT MANAGEMENT CORP., apelada.

*Número:* KLC95-00950      *Resuelto:* 29 de febrero de 1996

*Pedro Toledo González,* abogado de la parte apelante; *José T. Marrero Rivera,* abogado de la parte apelada.

Panel integrado por su presidente, Juez Negrón Soto, y los Jueces González Román y Urgell Cuebas.

Urgell Cuebas, Juez Ponente.

## SENTENCIA

La peticionaria, Pizza Hut Management Corporation, presentó un recurso de *certiorari* para revisar una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, en la que se le impuso el pago de intereses sobre las partidas de honorarios y costas a favor de los demandados desde la fecha cuando éstos presentaron la demanda por daños y perjuicios. En una etapa previa del asunto aquí planteado, mediante Sentencia de 9 de diciembre de 1994, el Tribunal Supremo determinó que la peticionaria

había procedido con temeridad. Apéndice, *Exhibit* 6, págs. 27–37.

Señala la peticionaria que los intereses sobre las costas del litigio en este caso proceden a partir de la fecha cuando el tribunal aprobó el memorando de las costas, y no retroactivamente a la fecha de la presentación de la demanda, como determinó el tribunal recurrido.

Considerados los planteamientos de las partes, procedemos a expedir el auto de *certiorari* y a revocar la resolución del Tribunal de Primera Instancia; toda vez que la Regla 44.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, no contempla que las costas devenguen intereses desde la radicación de la demanda.

## I

Los hechos pertinentes al *certiorari* presentado en este recurso no están en disputa.

El 4 de marzo de 1994 el tribunal de instancia dictó una sentencia, en la cual declaró con lugar la demanda por daños y prejuicios presentada por los recurridos el 1ro de diciembre de 1988 contra la peticionaria. Además, le impuso a la peticionaria el pago de las costas del litigio.

El 29 de abril de 1994 los recurridos presentaron ante el Tribunal Supremo un recurso de revisión de la sentencia emitida por el foro de instancia y plantearon, entre otros, que la valoración de los daños sufridos por los demandantes, efectuada por el tribunal de instancia, fue baja y desproporcionada. También sostuvieron que el tribunal de instancia debió concluir que el peticionario fue temerario; por lo cual procedía la imposición de honorarios de abogados e intereses a tenor de la Regla 44 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

El 9 de diciembre de 1994 el Tribunal Supremo dictó una sentencia para aumentar las cuantías otorgadas a los recurridos y concluir que la peticionaria había sido teme-

raria, por lo que le impuso el pago de honorarios de abogado e intereses por temeridad.([1])

Como único error, la peticionaria señala que el Tribunal de Primera Instancia incidió al determinar que el monto de las costas comenzaba a devengar intereses desde la fecha cuando se interpuso la demanda por daños y perjuicios, y no a partir de la fecha cuando la cuantía de las costas fue aprobada por el tribunal de instancia.

## II

Los intereses sobre la sentencia se rigen por la Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual dispone como sigue:([2])

*Regla 44.3. Interés legal*
(a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que esté en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha incluyendo costas y honorarios de abogado. El tipo de interés se hará constar en la sentencia.

La Junta fijará y revisará periódicamente la tasa de interés por sentencia tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la

---

([1]) En el párrafo dispositivo de la sentencia, el Tribunal Supremo se expresa así:
"Por los fundamentos expuestos anteriormente, se dicta sentencia para modificar la dictada en instancia, a los fines de de [sic] aumentar las cuantías otorgadas a Víctor Iván Sánchez Andrades, a \$48,000.00, a María de Lourdes Andrades, a \$7,200.00, a José Manuel Andrades y Eva Rodríguez Santiago, a \$9,000.00 y condenar a la demandada Pizza Hut Management Co. al pago de \$4,000.00 por concepto de honorarios de abogado y al pago de intereses sobre la sentencia desde el 1ro. de diciembre de 1988, hasta su pago total, a razón del siete (7%) por ciento anual." Apéndice, *Exhibit* 4, págs. 10–11.

([2]) Este texto aplica a toda sentencia dictada por demandas presentadas posterior a 9 de septiembre de 1988.

Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. El tipo de interés se hará constar en la sentencia.

■ El inciso (a) de esta regla, *supra*, aplica a toda sentencia en casos civiles. Además, dispone explícitamente que los intereses se computarán sobre la totalidad de la sentencia, incluyendo las costas y los honorarios de abogado, desde la fecha cuando se dicte la sentencia.

■ El inciso (b) de la Regla 44.3 de Procedimiento Civil, *supra*, aplica a los litigios en que el tribunal haya declarado a la parte perdidosa como temeraria, y dispone que los intereses se computarán en los casos de daños y perjuicios desde la presentación de la demanda hasta la fecha cuando se dicte sentencia, "a computarse sobre la cuantía de la sentencia". En estos casos aplica, además, el inciso (a), si no se satisface la sentencia inmediatamente después de que ésta sea dictada por el tribunal.

La controversia del caso de autos gira alrededor de la interpretación de la frase "cuantía de la sentencia", según ésta es utilizada en el referido inciso (b) y, en particular, si ésta incluye las costas.

El demandado, en su petición de *certiorari*, aduce que "[l]a cuantía de una Sentencia no puede incluir las costas del litigio, pues la determinación del monto de las costas es un procedimiento posterior a la fecha en que se dicte la Sentencia" (Apéndice, *Exhibit* 6, pág. 35), según la Regla 44.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ Hemos examinado la jurisprudencia interpretativa de las disposiciones reglamentarias en controversia y no encontramos que el punto en disputa haya sido resuelto. En vista de ello, adoptaremos aquella interpretación de la

Regla 44.3 de Procedimiento Civill, *supra*, que refleje su intención legislativa. Al así hacerlo concluimos que la frase "cuantía de la sentencia", según utilizada en la Regla 44.3(b) de Procedimiento Civil, *supra*, no incluye las costas ni los honorarios de abogado. Veamos.

## III

El tema de intereses sobre la sentencia, en el período anterior a las Reglas de Procedimiento Civil de 1979, estaba regulado por el Art. 341 del Código de Enjuiciamiento Civil de 1933 (32 L.P.R.A. ant. sec. 1473) y por la Regla 44.4(e) de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. II), siendo ambas derogadas al aprobarse las nuevas reglas. En éstas últimas, el tópico de los intereses sobre la sentencia pasó a ser la Regla 44.3, *supra*, y disponía como sigue:

*44.3 Interés*
(a) Se incluirán intereses al tipo legal en toda sentencia que ordena el pago de dinero a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, sin incluir costas y honorarios de abogado.
(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés legal desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en casos de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. Las disposiciones de este inciso serán aplicables a las causas de acción que hayan surgido a partir del 26 de mayo de 1967. 32 L.P.R.A. Ap. III.

El texto original de la Regla 44.3 de Procedimiento Civil, *supra*, fue enmendado por la Ley Núm. 82 de 6 de julio de 1985 (32 L.P.R.A. Ap. III), y por la Ley Núm. 78 de 11 de julio de 1988 (32 L.P.R.A. Ap. III).

La Ley Núm. 82, *supra*, además de eliminar la última oración del inciso (b), hizo los dos (2) cambios siguientes.

Primero, modificó la tasa de interés legal, según definida por el Art. 1649 del Código Civil, 31 L.P.R.A. sec. 4591, al tipo fijo de doce porciento (12%). Segundo, en el inciso (a) cambió la frase "sin incluir costas y honorarios de abogado" a "incluyendo costas y honorarios de abogado".

La Ley Núm. 78, *supra*,[3] cambió la tasa o el tipo de interés de "doce porciento" al "tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que esté en vigor al momento de dictarse la sentencia" y, dado que el interés sería fluctuante, requirió que "[e]l tipo de interés se hará constar en la sentencia". En adición, esta ley añadió un segundo párrafo al inciso (a), que dispone lo siguiente:

> La Junta fijará y revisará periódicamente la tasa de interés por sentencia tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible. 32 L.P.R.A. Ap. III.

El informe de la Comisión de lo Jurídico del Senado sobre el P. de la C. 202 de 2 de marzo de 1985, 10ma Asamblea Legislativa, 1ra Sesión Ordinaria, al recomendar favorablemente las enmiendas propuestas, indica lo siguiente:

> Mediante este aumento del interés legal a un 12 porciento se evita que una parte litigue innecesariamente o dilate el trámite judicial o el pago de una sentencia amparándose en el beneficio que le podría producir la inversión de ese dinero adeudado, en el mercado, a un interés más alto. *Además, en la presente medida se incluyen las costas y honorarios de abogado.* Esto hace más oneroso a la parte deudora todo el proceso. El texto actual de la[s] Reglas no provee para la inclusión en esa tasa de interés las costas y honorarios de abogado. (Énfasis suplido.)

---

[3] Las enmiendas a la Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, hechas por la Ley Núm. 78 de 11 de julio de 1988 no afectaron la frase "cuantía de la sentencia", según ésta se usa en el inciso (b) de la Regla 44.3, *supra*. Además, el historial legislativo de la Ley Núm. 78, *supra*, no añade ni varía lo presentado relativo a la Ley Núm. 82 de 6 de julio de 1985 (32 L.P.R.A. Ap. III).

■ Resulta significativo señalar que el cambio para incluir las costas y los honorarios de abogado, como una parte de la cuantía que devenga intereses, se hizo sólo en el inciso (a) y no en el (b). Tal acción legislativa implica que sólo se quiso hacer la modificación en el inciso (a); o sea, con relación a los intereses post sentencia, pero no en cuanto a las costas y los honorarios de abogado según el inciso (b). Ciertamente de ello surge que el concepto "cuantía de la sentencia" no incluye las costas y los honorarios de abogado. Tampoco podemos concluir que se trata de una omisión por inadvertencia del Legislador, la cual podamos suplir. La regla de hermenéutica legal, *casus omissus*, nos lo impide. R.E. Bernier y J.A. Cuevas Segarra, en su texto *Aprobación e interpretación de la leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, Cap. 43, pág. 311, definen ésta de la manera siguiente:

> Es una regla de hermenéutica legal que las omisiones del legislador no pueden ser curadas por los tribunales. Esa es la regla general tal como es expuesta corrientemente por los tribunales y se refiere a los casos en que el lenguaje del estatuto ha omitido algo que tampoco está dentro del propósito del mismo, pero que es claro de su lectura integral que fue omitido por inadvertencia. La razón de la regla es que el tribunal sólo interpreta y no legisla. Por lo tanto no puede añadir nada al estatuto.
>
> La regla se ha expresado en la siguiente forma: Al interpretar un estatuto, la intención legislativa debe ser buscada en el lenguaje usado en él con la ayuda que permiten las reglas de hermenéutica legal. Pero un lenguaje nuevo o una disposición enteramente nueva no se puede leer en el estatuto para darle un significado que no está incluido en él. Aunque el tribunal puede interpretar frases oscuras y dudosas para darle efecto a la presunta intención del legislador y llevar a cabo los propósitos de la ley; no se puede por interpretación curar un casus omissus, no importa lo justo y deseable que pueda parecer. *Meléndez v. Tribunal Superior*, 90 D.P.R. 656, 662 (1964) (Ramírez).

■ Por otro lado, la frase "a computarse sobre la cuantía de la sentencia" del inciso (b) de la Regla 44.3 de Procedimiento Civil, *supra*, aplica de igual forma a las accio-

nes de daños y perjuicios y a las de cobro de dinero. Lo único que varía es que en las acciones de daños y perjuicios se computan los intereses a partir de la fecha cuando se presentó la demanda y en los casos de cobro de dinero desde que surgió la causa. Si interpretamos el inciso (b) como que éste incluye intereses sobre las costas, tendríamos que concluir que en los casos de cobro de dinero procederían los intereses a partir de la fecha cuando se origine la causa de acción. Esta interpretación nos llevaría a que los intereses se computarán retroactivamente, sobre unas costas que las partes no han incurrido, pues la causa de acción se origina antes de la presentación de la demanda. Verdaderamente no podemos acoger esta interpretación, pues ésta nos llevaría a un resultado injusto, irrazonable e indeseable, sobre todo cuando la causa de acción puede haber surgido hasta más de quince (15) años antes de la presentación de la demanda. Véase el Art. 1864 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5294.

Finalmente, no nos corresponde, a base de una interpretación judicial, legislar para incluir dentro del inciso (b) de la Regla 44.3 de Procedimiento Civil, *supra*, aquello que el Legislador no dispuso, aunque ello pueda resultar en un caso particular justo y razonable, como lo que podría ser en el caso de autos. En éste, por tratarse de una acción de daños y perjuicios, el pago de intereses sobre las costas se retrotraería a la fecha cuando se presentó la demanda. Cabe mencionar, además, que donde el Legislador no hizo distinción, no nos compete así hacerlo. Es un principio básico de hermenéutica legal que el Legislador, al enmendar la Regla 44.3 de Procedimiento Civil, *supra*, conocía de las disposiciones aquí en controversia y que no deseó que en el inciso (b) se dispusiese para que las costas, así como los honorarios de abogado, estuviesen incluidos para el pago de intereses retroactivos. Véase, que cuando el Legislador así quiso disponerlo lo hizo en forma expresa, según se

desprende del historial legislativo del inciso (a) de la Regla 44.3 de Procedimiento Civil, *supra.*

En conclusión, fundamentado en nuestro análisis, determinamos que la frase "cuantía de la sentencia", según ésta es utilizada en el inciso (b) de la Regla 44.3 de Procedimiento Civil, *supra,* no incluye las costas en este caso. Las costas devengan intereses a partir de la fecha cuando se dictó la sentencia, según dispuestas en el inciso (a) de dicha regla.

### IV

Por las consideraciones antes expresadas, incidió el Tribunal de Primera Instancia al resolver que las costas en este caso devengaban intereses desde la fecha de la presentación de la demanda. Se expide el auto de *certiorari* y se revoca la resolución recurrida sobre este extremo.

*Regístrese y notifíquese.*

Así lo acordó el Tribunal y lo certifica la Secretaria General.

(*Fdo.*) María de la C. González Cruz
*Secretaria General*