EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Salud Primaria de Puerto Rico, Inc., Concilio Integral de Salud de Loíza, Inc., Migrant Health Center, Inc., Río Grande Community Health Center, Inc. y Otros<br><br>Peticionarios/Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Municipio Autónomo de San Juan y Otros<br><br>Recurridos/Peticionarios | Certiorari<br><br>2025 TSPR 75<br><br>216 DPR ___ |

Número del Caso: CC-2024-0533
cons. con
CC-2024-0534

Fecha: 22 de julio de 2025

Tribunal de Apelaciones:

Panel Especial

**CC-2024-0533**

Representantes legales de la parte peticionaria:

Lcdo. Edwin Quiñones Rivera
Lcdo. Ignacio J. Llerena Gutiérrez

Representante legal de la parte recurrida:

Lcda. Karla Díaz Garratón

**CC-2024-0534**

Representantes legales de la parte peticionaria:

Lcdo. Marvin Díaz Ferrer
Lcda. Karla Díaz Garratón

Materia:  Derecho Procesal Civil – Alcance de los diferentes tipos de intereses y distinción de funciones y contextos dentro de los cuales el Tribunal de Primera Instancia puede imponerlos a una parte perdidosa.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Salud Primaria de Puerto Rico, Inc., Concilio Integral de Salud de Loíza, Inc., Migrant Health Center, Inc., Río Grande Community Health Center, Inc. y Otros<br><br>Peticionarios/Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Municipio Autónomo de San Juan y Otros<br><br>Recurridos/Peticionarios | CC-2024-0533 Cons. con CC-2024-0534 | <u>Certiorari</u> |

Opinión del Tribunal emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 22 de julio de 2025.

En esta ocasión, este Tribunal tiene la oportunidad de atender conjuntamente y precisar el alcance de los diferentes tipos de intereses que existen en nuestro ordenamiento civil, con el fin de distinguir sus funciones y los contextos específicos dentro de los cuales el Tribunal de Primera Instancia puede imponerlos a una parte perdidosa. Así, con una controversia longeva y altamente contenciosa de trasfondo, hoy nos corresponde ponerle punto final al uso y a la aplicación incorrecta de este sistema de sanciones imbricado en las nociones de celeridad procesal y de justicia más básicas de la esfera civil. Veamos.

I

El 10 de mayo de 2002, un grupo compuesto por varios proveedores de servicios de salud, entre estos la Junta del Centro de Salud Comunal Dr. José S. Belaval, Inc., quien posteriormente cambió su nombre a HPM Foundation, Inc. (HPM), presentó una Demanda de mandamus, sentencia declaratoria y cobro de dinero en contra del Estado Libre Asociado de Puerto Rico (Estado) y otros.[1] El grupo de proveedores indicó que, en el 2000, la Ley de Seguro Social, 42 USC sec. 1396a (aa), se enmendó para requerir al estado pagar por los servicios ofrecidos por centros de salud aprobados federalmente a pacientes beneficiarios del Medicaid. Sostuvo que, en violación a tal disposición, el Estado había fallado en implantar el programa de reembolsos exigido, por lo que solicitó que se le ordenara hacerlo y que satisficiera lo adeudado por sus servicios, con una imposición especial de intereses. Eventualmente, la Demanda se enmendó para, entre otros asuntos, incluir como parte demandada al Municipio de San Juan (Municipio).

Luego de varios trámites procesales,[2] incluyendo la designación de un Comisionado Especial que rindió una

_____

[1] HPM figura como la parte peticionaria ante este Tribunal en el recurso CC-2024-0534.

[2] El Tribunal de Primera Instancia designó a un Comisionado Especial para que atendiera la controversia y, en cuanto a la reclamación específica de HPM, concluyó que procedía el pago exigido. No obstante, HPM también había presentado su reclamo ante el Tribunal Federal, el cual fue desestimado por prescripción. Debido a esto, el foro primario

recomendación favorable para HPM, este último presentó una Solicitud de sentencia parcial a favor de HPM y en contra del Municipio de San Juan. En esta, arguyó que las controversias ya habían sido resueltas, por lo que solo restaba aplicar la ley y conceder los intereses por mora. El Municipio, por su parte, se opuso principalmente bajo el argumento de prescripción.

Así las cosas, el 4 de noviembre de 2021, el Tribunal de Primera Instancia emitió una Sentencia parcial mediante la cual determinó que aplicaba el término prescriptivo de 15 años a la controversia, por lo que no procedía la desestimación solicitada por el Municipio. En consecuencia, acogió el Informe del Comisionado Especial y ordenó al Municipio el pago de $6,048,170.24 por concepto de principal adeudado. Finalmente, a solicitud de HPM, el foro primario aplicó intereses a la deuda, ordenando el pago de $1,061,777.76 por concepto de intereses por mora y $1,990,656.00 de interés legal.

En desacuerdo, el Municipio recurrió ante el Tribunal de Apelaciones. El 21 de abril de 2023, el foro apelativo intermedio resolvió, mediante una Sentencia, que procedía modificar el dictamen recurrido y confirmarlo. En lo

---

desestimó el caso por razón de impedimento colateral por sentencia. Acto seguido, el Tribunal de Apelaciones revocó tal dictamen bajo una de las excepciones a la doctrina de cosa juzgada, a saber, grave injusticia, y devolvió el asunto al Tribunal de Primera Instancia para su consideración en los méritos.

pertinente, confirmó la cuantía fijada por concepto de principal adeudado, pero concluyó que el Tribunal de Primera Instancia debió detallar sus cálculos para determinar los intereses legales y por mora que le impuso al Municipio. Por consiguiente, devolvió el caso al foro primario para que aclarara cómo arribó a tales sumas.[3]

En consecuencia, el 12 de enero de 2024, el Tribunal de Primera Instancia emitió una Resolución en cumplimiento con lo ordenado y consignó sus cálculos, basados en las tasas de interés establecidas por la Oficina del Comisionado de Instituciones Financieras (OCIF) del 1997 al 2002. Por ende, tras realizar el ejercicio matemático, ordenó al Municipio a pagar un total de $8,803,486.11.[4]

Disconforme, HPM objetó las cuantías mediante un recurso de Apelación ante el foro apelativo intermedio. En cuanto a la suma de intereses por mora, argumentó que el foro primario usara la tasa de interés de cada año y no el 6% que estaba vigente al momento del dictamen. Similarmente, se opuso a que no se aplicara tal tasa al momento de calcular los intereses legales y que la base del cálculo no fuera la suma englobada del principal adeudado y los intereses por mora.

---

[3]Insatisfecho, el Municipio presentó un recurso de certiorari ante este Tribunal, pero este fue denegado.

[4]El Municipio solicitó sin éxito la reconsideración de tal dictamen.

En su oposición, el Municipio argumentó que no procedía la imposición de intereses por mora, ya que no existía una obligación líquida y exigible que hubiera desatendido deliberadamente. Añadió que los intereses legales tampoco proceden sobre intereses que no hubieran sido pactados contractualmente.

El 31 de mayo de 2024, notificada el 4 de junio de 2024, el Tribunal de Apelaciones emitió una Sentencia mediante la cual modificó la Resolución del foro primario y, así modificada, la confirmó. En cuanto a los intereses por mora, el foro apelativo intermedio validó tanto su imposición, debido a que existía una deuda cuyo cumplimiento el Municipio dilató, como la cuantía, pues HPM se allanó expresamente al uso de la tasa de interés establecida por la OCIF para cada año. En lo que respecta a los intereses legales, determinó que no procedía tal partida por razón de que estos se trataban de intereses compuestos, los cuales están prohibidos en nuestro ordenamiento salvo que fueran pactados contractualmente, circunstancia que no ocurrió en este caso. Sin embargo, concluyó que sí procedía la imposición de intereses post sentencia, según la Regla 44.3 de Procedimiento Civil, infra, y ordenó su pago.

En su Moción solicitando reconsideración de la sentencia, HPM objetó la eliminación de los intereses legales. Por su parte, en su Oposición, el Municipio argumentó que los intereses post sentencia no son ejecutables

en contra de los municipios. El Tribunal de Apelaciones denegó la reconsideración. Posteriormente, el Municipio también solicitó la reconsideración del dictamen por el argumento previamente articulado sobre los intereses post sentencia, a la cual HPM se opuso, pero el foro apelativo intermedio la denegó por tardía.

Descontentos con tal dictamen, ambas partes acudieron ante este Tribunal a través de sus respectivos recursos de _certiorari_, los cuales fueron posteriormente consolidados. De su parte, el Municipio nuevamente objeta la imposición de intereses post sentencia, principalmente bajo el argumento de que estos no son oponibles al Estado, sus municipios e instrumentalidades. Por otro lado, HPM sostiene que el Tribunal de Apelaciones erró al determinar que el foro primario calculó intereses compuestos y concluir que no procedían los intereses legales, como también al negarse a calcular los intereses por mora desde la presentación de la _Demanda_ enmendada.

Expedido el recurso de _certiorari_ y contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver, no sin antes examinar el Derecho aplicable a la controversia.

**II**

**A.**

La Regla 44.3 de Procedimiento Civil, 32 LPRA Ap. V., establece dos (2) tipos de intereses legales: a saber, los

intereses pre sentencia (o por temeridad) y los post sentencia. <u>SLG González-Figueroa v. SLG et al.</u>, 209 DPR 138, 145-146 (2022). Esta regla dicta que:

> (a)  Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, incluso las costas y los honorarios de abogado. El tipo de interés se hará constar en la sentencia.
>
> La Junta fijará y revisará periódicamente la tasa de interés por sentencia, tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la presentación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.
>
> (b)  El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. El tipo de interés se hará constar en la sentencia.

En específico, el inciso (a) de esta regla aplica a toda sentencia en casos civiles que ordene el pago de dinero y el (b) a los litigios en los que el tribunal haya declarado a la parte perdidosa como temeraria. <u>Andrades v. Pizza Hut</u>

Mgt. Corp., 140 DPR 950, 954 (1996) (sentencia). En lo que nos concierne,

> [l]a primera clase de interés se impone a favor de la parte victoriosa, siempre que se trate de una sentencia que ordene el pago de dinero. El derecho de un litigante victorioso a recobrar estos intereses post sentencia es estatutario. Como he indicado, se computa desde la fecha en que se dicta la sentencia y se acumula hasta que ésta sea satisfecha --incluyendo costas y honorarios de abogado--. Esta imposición es mandatoria contra todo litigante perdidoso cuando dicha sentencia le ordena el pago de dinero y aplica contra el Estado y contra los municipios como contra cualquier otro litigante. J. Cuevas Segarra, _Tratado de Derecho Procesal Civil_, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo IV, pág. 1327.

Entiéndase, su imposición es mandatoria a toda parte perdidosa sin distinción alguna. _Malavé v. Oriental_, 167 DPR 594, 608 (2006). Ello es independiente de si la parte contraria actuó o no con temeridad. _SLG González-Figueroa v. SLG et al._, supra. Además, se computan sobre la cuantía de la sentencia, incluidas las costas y los honorarios de abogado, desde el momento en que esta se dicte hasta que sea satisfecha. Íd.

El objetivo del interés post sentencia es "evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago en el menor tiempo posible" o, dicho de otro modo, "promover que el deudor de una sentencia se ajuste con prontitud a los términos de ésta y compense expeditamente al acreedor de la misma". _Montañez v. U.P.R._, 156 DPR 395, 424-425 (2002). Estos intereses legales forman parte de la sentencia en la

que se dicte el pago de dinero y deben imponerse sobre la cuantía de la sentencia sin excepción de clase alguna, aunque pueden ser recobrados aun cuando no se mencionen en la misma. Vélez Cortés v. Baxter, 179 DPR 455, 472 (2010).

Finalmente, la disposición antes citada provee para que la Junta Financiera de la OCIF fije el interés legal por sentencia y para ello "tomará en consideración el movimiento en el mercado con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible". Gutiérrez v. A.A.A., 167 DPR 130, 137 (2006). La regla indica, además, que la Junta Financiera podrá revisar las tasas correspondientes periódicamente. Íd.

Ahora bien, la segunda clase de interés legal, consignada en el inciso (b) de la regla antes citada, es el interés por temeridad. "Los intereses pre sentencia solo proceden sobre la cuantía de la sentencia, sin incluir las costas y los honorarios de abogado, si la parte perdidosa actuó con temeridad en la tramitación de un pleito y si este se trata de una demanda en cobro de dinero o por daños y perjuicio". SLG González-Figueroa v. SLG et al., supra, pág. 146.

Nótese que nuestro ordenamiento civil permite que se sancione la temeridad de un litigante perdidoso de dos (2) formas:

(a) mediante la imposición del pago de honorarios de abogado bajo la Regla 44.1(d), […], en todo tipo de acciones, pues dicha regla no hace excepciones, y (b) mediante la imposición de intereses al tipo legal, computados desde una fecha anterior a la de la sentencia, en dos clases de acciones, a saber, casos de cobro de dinero (se computan desde que surge la causa de acción) y casos de daños y perjuicios (se computan desde la presentación de la demanda). Colondres Vélez v. Bayrón Vélez, 114 DPR 833, 842-843 (1983).

Dicho de otro modo, "[l]a única diferencia entre la condena al pago de honorarios de abogado y de los intereses pre sentencia es que la primera no hace excepciones en cuanto al tipo de acción en que pueden ser impuestos". SLG González-Figuera v. SLG et al., supra, págs. 147-148. Es decir, que "los honorarios de abogados sancionan la temeridad en cualquier tipo de acción judicial", mientras que "los intereses pre sentencia solo proceden en dos clases de acciones: la de cobro de dinero, así como la de daños y perjuicios". Íd. Por ende, estos "habrá[n] de imponerse sobre la cuantía de la sentencia a la parte que haya procedido con temeridad". Montañez v. U.P.R., supra.

La imposición de sanciones por temeridad procede cuando el tribunal haga una determinación expresa correspondiente a tales fines de que una parte ha actuado de esa manera. Santiago v. Sup. Grande, 166 DPR 796, 821 (2006). En consecuencia, los intereses legales pre sentencia se imponen mediante una decisión "altamente discrecional y un foro apelativo sólo intervendrá con la determinación de imponerlo

si se demuestra que se cometió un abuso de discreción". Marrero Rosado v. Marrero Rosado, 178 DPR 476, 505 (2010).

En SLG González-Figuera v. SLG et al., supra, págs. 148-149, explicamos que la temeridad se refiere a las "actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos". En otras palabras, cuando un litigante perdidoso, "por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito". Íd. En resumen, la temeridad se manifiesta cuando la actitud de la parte afecta el buen funcionamiento y la administración de la justicia, al punto que sujeta al litigante inocente a una ordalía judicial innecesaria. Fernández v. San Juan Cement Co., Inc., 118 DPR 713, 718 (1987).

De otra parte, no existe temeridad "en aquellos casos en que el litigante actúa de acuerdo a la apreciación errónea de una cuestión de derecho y no hay precedentes establecidos sobre la cuestión [...] o cuando existe alguna desavenencia honesta en cuanto a quién favorece el derecho aplicable a los hechos del caso". Oliveras, Inc. v. Universal Ins. Co., 141 DPR 900, 936 (1996).

En lo relevante a este caso, la Regla 44.3 (b) de Procedimiento Civil, supra, excluye expresamente al Estado Libre Asociado de Puerto Rico, a sus municipios, agencias e instrumentalidades o funcionarios en su carácter oficial de la imposición de intereses pre sentencia. Torres Ortiz v. ELA, 136 DPR 556, 568 (1994).

**B.**

Como es conocido, la ley, los contratos y cuasicontratos, y los actos y omisiones ilícitos o aquellos que emanan de culpa o negligencia son reconocidos como las fuentes de obligación en nuestro ordenamiento civil. Art. 1042, Código Civil de 1930, 31 LPRA ant. sec. 2992.[5] Asimismo, una persona tiene la obligación de indemnizar los daños y perjuicios causados cuando incurre en dolo, negligencia o morosidad en el cumplimiento de una obligación. Art. 1054, Código Civil de 1930, 31 LPRA ant. sec. 3018.

En lo aquí pertinente, una persona incurre en mora cuando su acreedor le exige, ya sea judicial o extrajudicialmente, que cumpla con una obligación. Art. 1053 del Código Civil de 1930, 31 LPRA ant. sec. 3017. Es decir, "sólo es mora el retraso culpable". Rodríguez Sanabria v. Soler Vargas, 135 DPR 779, 783 (1994). Estos intereses por mora "[n]o constituyen parte integrante e inherentemente inseparable de

---

[5]Adviértase que, como los hechos de este caso se originaron durante la vigencia del derogado Código Civil de 1930, haremos referencia a este cuerpo normativo debido a que es el aplicable para disponer de la controversia.

la obligación principal, sino que son considerados como una indemnización independiente de daños y perjuicios, impuesta como penalidad por la demora en el pago". Rivera v. Crescioni, 77 DPR 47, 55-56 (1954).

En esencia, según el Art. 1061 del Código Civil de 1930, 31 LPRA ant. sec. 3025, la indemnización en caso de mora consiste en el pago de intereses y, por ende, "[s]i la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal".

A modo de resumen, la imposición de intereses de esta naturaleza en el cumplimiento de una obligación exige que concurran los requisitos enumerados a continuación:

> (1) una obligación de dar o hacer; (2) que el acreedor requiera el cumplimiento al deudor judicial o extrajudicialmente; (3) que la obligación sea exigible y líquida, y esté vencida; (4) que el retraso sea imputable al deudor, y (5) que el retraso en cumplir se haya producido por la culpa del deudor. Consejo Titulares v. MAPFRE, 2024 TSPR 140, 215 DPR ___ (2024) (citando a L. Díez-Picazo y A. Gullón, Sistema de Derecho Civil, 11ma ed., Madrid, Ed. Tecnos, 2023, Volumen II, Tomo 1, págs. 191-192. J. Castán Tobeñas, Derecho Civil Español, Común y Foral, 17ma ed., Madrid, Ed. Reus S.A., 2008, Tomo III, págs. 238-240).

Desde Municipio de Mayagüez v. Rivera, 113 DPR 467, 470 (1982), resolvimos que "es mandatorio el que un tribunal, al dictar una sentencia en que ordene el pago de dinero, imponga el pago de interés al tipo legal sobre la cuantía de la

sentencia sin excepción de clase alguna". De hecho, los tribunales pueden imponer intereses por mora como indemnización en daños aun cuando la parte con derecho a estos no los haya solicitado. Fuentes v. Hull Dobbs Co., 88 DPR 562, 571 (1963).

No obstante, la indemnización por intereses moratorios es un derecho personal del acreedor, que puede ser renunciado y, en consecuencia, esta puede cesar: "1) [p]or voluntad del acreedor, como en los casos de renuncia al pago de la indemnización debida, concesión de prórroga, novación de la obligación, etc.[;] 2) por concesión de un plazo legal al deudor (moratorias)[,] [o] 3) [p]or incurrir también el acreedor en mora". J. Castán Tobeñas, op. cit., pág. 244. Dicho esto, "el interés moratorio tiene que estar expresamente incluido en la Sentencia para ser recobrado". Consejo Titulares v. MAPFRE, supra.

Expuesto el Derecho pertinente, procedemos a discutir su aplicación a esta controversia.

### III

Conforme se indicó, en desacuerdo con la determinación del Tribunal de Apelaciones por distintas razones, ambas partes acudieron ante este Tribunal por medio de sus respectivos recursos de certiorari.

En lo que respecta a la comparecencia del Municipio, este argumenta que el Tribunal de Apelaciones erró al imponerle el pago de intereses post sentencia, pues la Regla

44.3 de Procedimiento Civil, _supra_, expresamente exime de sus efectos al Estado y a sus dependencias, incluyendo a los municipios. A esto añade que la imposición de intereses bajo esta disposición está predicada en una determinación de temeridad, la cual no fue hecha en su contra por alguno de los foros recurridos. No le asiste la razón.

Según se explicó, la Regla 44.3 de Procedimiento Civil, _supra_, comprende dos (2) diferentes tipos de intereses legales: en su inciso (a) dispone los intereses post sentencia y en su inciso (b) los pre sentencia.

Los intereses post sentencia se imponen de forma mandatoria a favor de la parte victoriosa en todo caso en que se emita una sentencia que ordene el pago de dinero, pues su propósito es evitar la posposición irrazonable en el cumplimiento de las obligaciones y estimular el pago ordenado en el menor tiempo posible. Por ende, estos intereses se computarán desde la fecha en que se dicta la sentencia y se acumulan hasta que esta sea satisfecha. Finalmente, y más importante aún, hemos sido consecuentes en pautar que el interés post sentencia aplica a toda parte perdidosa sin excepción alguna y ello incluye al Estado, los municipios y sus dependencias como a cualquier otro litigante.

En cambio, son los intereses pre sentencia (o por temeridad), consignados en el inciso (b) de la disposición antes citada, los que expresamente eximen al Estado y a los municipios de sus efectos. Nuevamente, se trata de dos (2)

distintos tipos de intereses que funcionan bajo circunstancias diversas, con efectos y requisitos diferentes. En consecuencia, la excepción en la aplicación del inciso (b) a los municipios no se extiende al tipo de interés descrito en el inciso (a), debido a que la Regla 44.3 de Procedimiento Civil, supra, no reglamenta sus intereses como un conjunto indivisible. Cada inciso detalla un mecanismo punitivo específico e independiente el uno del otro.

El mismo razonamiento descarta el argumento del Municipio dirigido a cuestionar la validez del interés post sentencia impuesto en ausencia de una determinación de temeridad en su conducta durante el pleito. El requisito de temeridad solo aplica a los intereses pre sentencia consignados en el inciso (b) de la regla y no es extensible a los intereses post sentencia en el inciso (a). En consecuencia, al tratarse de intereses de naturaleza diferenciable, cada cual con requisitos distinguibles y aplicables solo en circunstancias específicamente designadas, el Municipio se equivoca al invitar a este Tribunal a tratarlos de la misma manera para evadir la imposición de un interés post sentencia que fue correctamente aplicado por el Tribunal de Apelaciones.

Atendido así el único error argumentado por el Municipio, procede atender aquel articulado por HPM en su recurso. En síntesis, HPM sostiene que el foro apelativo

intermedio incidió al eliminar la partida de intereses legales que impuso el Tribunal de Primera Instancia por entender que se trató de intereses compuestos. A su vez, objetó que el Tribunal de Apelaciones no modificara la cantidad de intereses por mora.

Con el fin de atender estos argumentos adecuadamente, procede repasar los cálculos que emitió el Tribunal de Primera Instancia para justificar las cuantías por los intereses que dictaminó.

En lo que respecta a los intereses por mora, en su Resolución de 12 de enero de 2024, el foro primario tomó el principal adeudado admitido desde el 1997 al 2000 y le aplicó el interés fijado por la OCIF correspondiente a cada año, el cual fluctuó entre 5% a 6% dentro de ese periodo. Luego procedió a dividir ese resultado por doce (12) para obtener el interés mensual, el cual después multiplicó por la cantidad de meses entre ese año y el 2002, cuando se presentó la Demanda en contra del Municipio. De esta forma determinó que el Municipio debía pagar a HPM $1,061,778.29 por concepto de intereses por mora.[6]

---

[6]Apéndice de certiorari, págs. 65-66. Los cálculos específicos se detallan a continuación: (1) la deuda de 1997 ($1,509,747.20), al 5.50% de interés ($83,036.10), dividido en 12 meses ($6,919.68), multiplicado por 57 meses ($394,421.45); (2) la deuda de 1998 ($1,419,263.84), al 5.50% de interés ($78,059.52), dividido en 12 meses ($6,504.96), multiplicado por 45 meses ($292,723.17); (3) la deuda de 1999 ($1,449,906.36), al 5% de interés ($72,495.36), dividido en 12 meses ($6,041.28), multiplicado por 33 meses ($199,362.12); y (4) la deuda de 2000 ($1,669,252.84), al 6% de interés ($100,155.12), dividido en 12 meses ($8,346.26),

Para arribar al total de interés legal impuesto, el foro primario tomó el total del principal adeudado hasta diciembre de 2002 ($6,048,170.24) y lo multiplicó por el interés vigente en ese año según la OCIF (1.50%), para un total de $90,722.55 de interés anual, el cual procedió a dividir por doce (12) para determinar el interés mensual ($7,560.21). Acto seguido, multiplicó la cantidad anual por dieciocho (18) años y ocho (8) meses, siendo este el tiempo que transcurrió desde septiembre de 2002 hasta mayo de 2021, cuando HPM solicitó la resolución sumaria de la controversia, para un total de $1,693,537.58.[7]

Ahora bien, con respecto a los intereses legales, el Tribunal de Apelaciones concluyó que estos eran improcedentes por ser compuestos, es decir, por haberse fijado sobre intereses vencidos, lo cual es permisible en nuestro ordenamiento únicamente cuando así se pacta en el contrato. El foro apelativo intermedio razonó que, en ausencia de un contrato entre las partes, toda vez que la deuda surgió en virtud de un estatuto, y en vista de que el cálculo para los intereses legales usó como base la suma del principal adeudado y los intereses por mora, procedía eliminarlos.

---

multiplicado por 21 meses ($175,271.55). Finalmente, sumó los resultados finales para cada año, obteniendo un total de $1,061,778.29.

[7]Íd.

Una lectura de la <u>Resolución</u> del Tribunal de Primera Instancia y de los cálculos desglosados anteriormente en esta sección revela que el foro primario no calculó la suma de intereses legales a base del principal y algún otro interés acumulado. Entiéndase, no hubo interés compuesto, pues el cálculo del interés legal solo requirió la suma del principal adeudado y el interés establecido por la OCIF. En este extremo, el foro apelativo intermedio erró en su apreciación de que el cálculo realizado para los intereses legales por el foro primario representaba una imposición inadmisible de intereses compuestos.

Ahora bien, el Tribunal de Apelaciones no erró en cuanto a su conclusión de que el interés legal aplicable a estos hechos es el post sentencia dispuesto en la Regla 44.3 (a) de Procedimiento Civil, <u>supra</u>, antes discutido y que, por ende, procedía eliminar la suma concedida por el Tribunal de Primera Instancia por concepto de interés legal. Nótese que el interés legal calculado por el foro primario comenzó a ser contado desde el 2002 hasta el 2021, para todos los propósitos precediendo el dictamen final en el asunto.

Por lo tanto, de haberse mantenido tal interés, según lo solicitó HPM en su recurso, este Tribunal estaría validando la imposición de un interés pre sentencia que, según se señaló en la discusión del error señalado por el Municipio, es improcedente bajo las circunstancias de este caso. Recuérdese, aquí no medió una determinación de

temeridad y, aun si hubiera existido, sería inaplicable en contra de los municipios por disposición reglamentaria. En consecuencia, el Tribunal de Apelaciones actuó correctamente al descartar la suma del foro primario y ordenar la imposición de intereses legales post sentencia a partir del 4 de noviembre de 2021, fecha en que se emitió el dictamen del Tribunal de Primera Instancia declarando con lugar el reclamo de dinero de HPM.

Finalmente, resta por atender lo relacionado con los cálculos de los intereses por mora. A modo de resumen, el Tribunal de Apelaciones confirmó la determinación del foro primario en toda su extensión en lo que respecta este asunto. Según se relató, el Tribunal de Primera Instancia concedió intereses por mora a favor de HPM desde el 1997 hasta el 2002, usando la tasa de interés aplicable a cada año.

Sin embargo, los intereses por mora deben calcularse a partir del momento en que la parte acreedora exige el cumplimiento de la obligación, ya sea por la vía judicial o la extrajudicial. Aplicado ello a los hechos, debemos concluir que el Tribunal de Primera Instancia, así validado por el Tribunal de Apelaciones, añadió erróneamente a la cuantía de intereses por mora el periodo durante el cual HPM estuvo rindiendo los servicios de salud al Municipio, es decir, previo a que le reclamara su pago, lo que ocurrió en el 2002 con la presentación de la Demanda enmendada.

Ante ese cuadro, este Tribunal se ve en la obligación de concluir que los foros recurridos erraron en el cálculo de los intereses por mora, pues estos debieron usar como punto de partida el 30 de agosto de 2002, cuando la Demanda fue enmendada para incluir al Municipio como parte demandada y, por ende, tuvo lugar el requerimiento de cumplimiento con la obligación por la vía judicial. De otro lado, el punto final para el alcance de este cómputo es el 4 de noviembre de 2021, cuando el Tribunal de Primera Instancia declaró con lugar la reclamación de HPM.

Así las cosas, usando la fórmula empleada por el Tribunal de Primera Instancia y los porcentajes de la OCIF, los cuales, durante el periodo de agosto de 2002 hasta noviembre de 2021, fluctuaron regularmente entre un 5% como el punto más alto y un .5% como más bajo, este Tribunal concluye que procede el pago de $1,704,396.47, por concepto de intereses por mora.[8]

_____

[8]Siguiendo la fórmula establecida por el Tribunal de Primera Instancia, se calculó el interés dictado por la OCIF sobre el monto del principal adeudado, según varió regularmente alrededor de cada seis (6) meses entre agosto del 2002 y noviembre de 2021, se dividió entre doce (12) para determinar el interés mensual, el cual finalmente se multiplicó por la cantidad de meses aplicable a cada mes e interés.

Excepto en los meses de agosto de 2002 y noviembre de 2021. En estos casos, en lugar de dividir entre doce (12) para determinar el interés mensual, se dividió entre 365 para obtener el interés diario, el cual se multiplicó por la cantidad de días aplicables en cada mes: dos (2) días en agosto de 2002 y cuatro (4) días en noviembre de 2021.

Finalmente, el Tribunal de Apelaciones erró al disponer expresamente en su Sentencia que, para los intereses legales post sentencia, se aplicaría una tasa de 4.25%, al entender que esa era la establecida por la OCIF a la fecha en que el Tribunal de Primera Instancia dictó la Sentencia. Sin embargo, para el período correspondiente al mes de noviembre de 2021, la tasa de interés dispuesta por la OCIF aplicable al Gobierno era de 0.50%, y no de 4.25%. Por tanto, los intereses legales post sentencia deberán computarse conforme a la tasa de interés **correctamente** establecida por la OCIF a la fecha en que se dictó la Sentencia, el 4 de noviembre de 2021.[9]

**IV**

Por los fundamentos expresados, se revocan los dictámenes de los foros recurridos únicamente en lo que respecta a los intereses por mora y a la tasa aplicable a los intereses legales post sentencia. En cuanto a los intereses por mora, se establece una nueva suma de $1,704,396.47. Respecto a los intereses legales post sentencia, se determina que la tasa aplicable será la establecida por la Oficina del Comisionado de Instituciones Financieras para el Gobierno el 4 de noviembre de 2021, a

---

[9]Véase Reglamento Núm. 3702 del 20 de diciembre de 1988 de la Oficina del Comisionado de Instituciones Financieras, así como el enlace siguiente para acceder a la tasa de interés aplicable a Sentencias Judiciales, conforme a lo dispuesto en dicho reglamento: https://www.ocif.pr.gov/interes-aplicable (última vista, 17 de julio de 2025).

saber, 0.50%. Se confirma el resto de la <u>Sentencia</u> del Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.


                              Luis F. Estrella Martínez
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Salud Primaria de Puerto Rico, Inc., Concilio Integral de Salud de Loíza, Inc., Migrant Health Center, Inc., Río Grande Community Health Center, Inc. y Otros<br><br>Recurridos/Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Municipio Autónomo de San Juan y Otros<br><br>Peticionarios/Recurridos | CC-2024-0533 Cons. con CC-2024-0534 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 22 de julio de 2025.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revocan los dictámenes de los foros recurridos únicamente en lo que respecta a los intereses por mora y a la tasa aplicable a los intereses legales post sentencia. En cuanto a los intereses por mora, se establece una nueva suma de $1,704,396.47. Respecto a los intereses legales post sentencia, se determina que la tasa aplicable será la establecida por la Oficina del Comisionado de Instituciones Financieras para el Gobierno el 4 de noviembre de 2021, a saber, 0.50%. Se confirma el resto de la Sentencia del Tribunal de Apelaciones.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo