ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-DJ 2024-062C

| | | |
|---|---|---|
| **SINGH LLC**<br><br>Apelante<br><br>v.<br><br>**MARIE VICTOIRE SINGH**<br><br>Apelada | TA2025AP00451 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2023CV03210**<br><br>Sobre: Daños y Perjuicios; Apropiación Ilegal de Dinero: Enriquecimiento Injusto |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Comparece Singh LLC (Singh o parte apelante) mediante un recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 19 de agosto de 2025.[1] Mediante dicho dictamen, el foro primario desestimó con perjuicio la reclamación de epígrafe, conforme a la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a); y le imputó a la parte apelante una cantidad de $10,000.00 en concepto de honorarios por temeridad, a tenor con la Regla 44.1(d) de Procedimiento Civil, *supra*, R. 44.1(d). [2] De igual modo, el foro *a quo* expuso que, al momento de emitir la *Sentencia*, el incumplimiento con la *Orden* dictada el 11 de julio de 2025, había acumulado una sanción de $21,000.00.[3]

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 136. Notificada y archivada en autos el 20 de agosto de 2025.
[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 131. Notificada y archivada en autos el 11 de julio de 2025.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

**I.**

El caso de marras tiene su génesis el 14 de abril de 2023, cuando la parte apelante presentó una *Demanda* en contra del licenciado José E. Asencio Quiles (Lcdo. Asencio Quiles),[4] la licenciada Rina Biaggi García (Lcda. Biaggi García),[5] el Bufete Asencio Biaggi[6] y la señora Marie Lucie Victoire Singh (Sra. Victoire o apelada) por daños y perjuicios, apropiación ilegal de dinero, y enriquecimiento injusto.[7] Alegó la parte apelante que la Sra. Victoire, durante su matrimonio con el señor Parminder Singh, mantuvo autorización firmante en cuanto a la cuenta bancaria de la parte apelante y para emitir pagos ordinarios de los gastos de negocio. Expuso también que la Sra. Victoire conservó acceso a las cuentas de Airbnb con relación a las propiedades de la parte apelante después del comienzo de los procedimientos del divorcio.

Según la parte apelante, en o alrededor de mayo de 2022, la Sra. Victoire retuvo los servicios de los licenciados y del bufete para su representación en los procesos de divorcio, patria potestad y

---

[4] *Íd.*, Entrada Núm. 24; *Íd.*, Entrada Núm. 64; *Íd.*, Entrada Núm. 78; *Íd.*, Entrada Núm. 103; *Íd.*, Entrada Núm. 104.

El foro primario emitió una *Sentencia Parcial* el 10 de julio de 2024 donde declaró Ha Lugar la solicitud de desestimación del Lcdo. Asencio Quiles y, consecuentemente, desestimó con perjuicio la demanda de epígrafe con relación a este. Además, le impuso a la parte apelante el pago de una suma de $2,500.00 en concepto de honorarios por temeridad.

El 22 de noviembre de 2024, este Panel emitió una *Sentencia* en la que se confirmó dicho dictamen.

Posteriormente, el 21 de febrero de 2025, nuestro Tribunal Supremo denegó la petición de *certiorari* radicada por la parte apelante, adviniendo final y firme la decisión dictada en la *Sentencia Parcial* por el foro primario el 10 de julio de 2024.

[5] *Íd.*, Entrada Núm. 40; *Íd.*, Entrada Núm. 41. Mediante una *Sentencia Parcial* emitida por el foro primario el 6 de octubre de 2023, el TPI acogió la solicitud de desistimiento de la parte apelante y ordenó el archivo sin perjuicio del caso de epígrafe únicamente en cuanto a la Lcda. Biaggi García.

[6] *Íd.*, Entrada Núm. 19; *Íd.*, Entrada Núm. 22. El 3 de agosto de 2023, el foro primario dictó una *Sentencia Parcial* en la que acogió la petición de desistimiento radicada por la parte apelante, y subsiguientemente, ordenó el archivo sin perjuicio de la causa de acción de epígrafe en cuanto al Bufete Asencio Biaggi.

[7] Véase además, *Íd.*, Entrada Núm. 3; *Íd.*, Entrada Núm. 4; *Íd.*, Entrada Núm. 5; *Íd.*, Entrada Núm. 6.

liquidación de bienes post-gananciales. La parte apelante indicó que, en o alrededor del 17 de ese mes, la Sra. Victoire emitió un cheque a nombre del licenciado Asencio Quiles por una suma de $2,800.00, supuestamente depositado en la cuenta del bufete el 18 de mayo de 2022. Planteó, no obstante, que, para realizar ese pago, la Sra. Victoire desvió fondos de la parte apelante, sin su autorización y a escondidas de esta, constituyendo así enriquecimiento injusto. Además, catalogó la supuesta transferencia y/o apropiación ilegal de los fondos de la parte apelante como una conducta negligente y culposa por parte de los apelados.

Además, expuso la parte apelante que, durante el mes de julio de 2022, la Sra. Victoire decidió culposa y negligentemente, borrar las cuentas de Airbnb causando la inhabilitación de las propiedades pertenecientes a la parte apelante hasta noviembre del año 2022. Por tal razón, arguyó que dicha inhabilitación culposa y destrucción maliciosa de las cuentas, representaron daños para la parte apelante por una cantidad de $46,030.00.

Posteriormente, la Sra. Victoire presentó una *Contestación a segunda demanda enmendada* el 18 de agosto de 2023.[8]

Luego de múltiples trámites procesales, la Sra. Victoire radicó una *Moción informativa en cuanto a agotamiento de esfuerzos al amparo de la regla 34 y en solicitud de órdenes relacionadas* el 1 de abril de 2025.[9] Suplicó del foro primario dar por cumplida la Regla 34 de Procedimiento Civil, *supra,* R. 34, después de intentar sin éxito superar las diferencias y tranques sostenidos con la parte apelante con relación al descubrimiento de prueba. Particularmente, solicitó del TPI ordenar a la parte apelante a hacer disponible al señor Parminder Singh para su deposición; y la calendarización de las

---

[8] *Íd.,* Entrada Núm. 26.
[9] *Íd.,* Entrada Núm. 99; véase además, *Íd.,* Entrada Núm. 106.

deposiciones considerando que no había recibido de la parte apelante toda la evidencia documental.

El 13 de mayo de 2025, el TPI dictó una *Orden* donde dio por concluidos los esfuerzos al amparo de la Regla 34.1 de Procedimiento Civil, *supra*.[10] Además, ordenó a la parte apelante a entregar los documentos solicitados por la Sra. Victoire dentro de un término de 15 días; y declaró No Ha Lugar la petición de orden protectora realizada por la parte apelante para evitar la deposición del señor Parminder Singh como representante de la parte apelante como corporación.

Después de múltiples mociones presentadas por ambas partes sobre el descubrimiento de prueba,[11] el TPI emitió una *Orden sobre deposiciones y prueba documental* el 30 de mayo de 2025.[12] Respecto a la deposición del señor Parminder Singh, el foro primario sostuvo que a la Sra. Victoire le interesaba deponer a la parte apelante, quien era parte en el caso de marras, y habiendo designado al señor Parminder Singh para esos efectos, conforme a la Regla 27.6 de Procedimiento Civil, *supra*, R. 27.6, no podía la parte apelante imponer a la persona que deseara para la toma de deposición. Por otro lado, el TPI advirtió sobre la imposición de severas sanciones bajo la Regla 34.3 de Procedimiento Civil, *supra*, R. 34.3, del señor Parminder Singh fallar en comparecer a la deposición pautada para el 10 de junio de 2025, en calidad de representante de la parte apelante.

En cuanto a la entrega de documentos, el TPI resolvió que la parte apelante debía cumplir con lo ordenado el 13 de mayo de 2025 en o antes del 2 de junio de 2025, so pena de dar por renunciadas las objeciones. Además, advirtió respecto a la imposición de

---

[10] *Íd.*, Entrada Núm. 111. Notificada y archivada en autos el 13 de mayo de 2025.
[11] *Íd.*, Entrada Núm. 117; *Íd.*, Entrada Núm. 119, *Íd.*, Entrada Núm. 120; *Íd.*, Entrada Núm. 122; *Íd.*, Entrada Núm. 123.
[12] *Íd.*, Entrada Núm. 124. Notificada y archivada en autos el 4 de junio de 2025.

sanciones, ante el incumplimiento con la *Orden* del 13 de mayo de 2025 o con los requisitos jurisprudenciales aplicables a la invocación de privilegios.

Subsiguientemente, la parte apelante radicó una *Moción informativa* el 9 de junio de 2025 donde avisó al foro primario sobre los supuestos percances de salud sostenidos por su representante legal desde el 2 de junio de 2025.[13]

Por su parte, la Sra. Victoire presentó una *Moción en reacción a una informativa presentada por la parte demandante* el mismo 9 de junio de 2025.[14] Expuso que el señor Parminder Singh no tuvo intención alguna de comparecer a la deposición pautada para el día siguiente, pues se encontraba en Chicago desde hacía un tiempo.

Por su parte, la parte apelante presentó una *Moción en oposición e informativa* 11 de junio de 2025. En la misma, reiteró la situación de salud de su representante legal acompañándole un certificado médico de donde surge la recomendación médica de tomar un periodo de descanso desde el 10 de junio de 2025 hasta el 20 de junio de 2025.[15]

El 30 de junio de 2025, la Sra. Victoire presentó una *Moción en cumplimiento de orden.*[16] Adujo no haber recibido ninguno de los documentos requeridos en el descubrimiento de prueba y ordenados por el tribunal.

Posteriormente, el 11 de julio de 2025, el foro primario dictó una *Resolución y Orden.*[17] Determinó que la representación legal de la parte apelante no solicitó prórroga para cumplir con las órdenes y asuntos pendientes, y, aun así, el foro primario dejó pasar un término razonable para dar oportunidad a la parte apelante de cumplir con los mismos; incluso, de exponer su posición en cuanto

---

[13] *Íd.*, Entrada Núm. 125.
[14] *Íd.*, Entrada Núm. 126.
[15] *Íd.*, Entrada Núm. 128; *Íd.*, *Certificado.*
[16] *Íd.*, Entrada Núm. 129.
[17] *Íd.*, Entrada Núm. 131. Notificada y archivada en autos el 11 de julio de 2025.

a las mociones de la Sra. Victoire. Tras el paso de veinte (20) días desde el fin del periodo de descanso médico de la representante legal de la parte apelante, sin su comparecencia, el TPI procedió a disponer de varios asuntos.

Conforme a la advertencia de la *Orden* emitida el 30 de mayo de 2025, el foro primario resolvió dar por renunciadas las objeciones al descubrimiento escrito y a la entrega de los documentos solicitados desde diciembre de 2024. Asimismo, ordenó a la parte apelante a cursar los documentos señalados por el tribunal y acreditarlo en un término de quince (15) días. Advirtió, además, de la imposición de una sanción de $1,000.00 diarios hasta el cumplimiento con dicha orden y de la desestimación de la demanda por incumplimientos futuros.

Respecto a la deposición del señor Parminder Singh, el foro primario le impuso a la parte apelante una sanción de $250.00 por incumplir con la *Orden* emitida el 30 de mayo de 2025, para satisfacerla dentro de diez (10) días.

Por último, el TPI expuso que, en vista de las sanciones impuestas y los apercibimientos sobre las consecuencias futuras de incumplir con las órdenes del tribunal, ordenó la notificación directa de la *Resolución y Orden* a la parte apelante.

Vencidos los términos concedidos a la parte apelante, mediante la *Resolución y Orden* del 11 de julio de 2025, el foro primario dictó una *Orden* el 30 de julio de 2025. Por medio de esta última, advirtió sobre la imposición de una sanción de $1,000.00 al día hasta la entrega de los documentos.[18] Así, concedió a la parte apelante un término final de cinco (5) días para acreditar el pago de la sanción y la entrega de documentos, y nuevamente advirtió en cuanto a la desestimación de la demanda ante el incumplimiento

---

[18] *Íd.*, Entrada Núm. 133. Notificada y archivada en autos el 31 de julio de 2025.

con dicha orden. Asimismo, ordenó la notificación directa de la *Orden* a la parte apelante.

El 11 de agosto de 2025, la Sra. Victoire radicó una *Moción en solicitud de desestimación al amparo de la regla 39 de Procedimiento Civil y decreto de temeridad.*[19]

Por otro lado, la parte apelante presentó una *Moción informativa y solicitud de breve término* el 18 de agosto de 2025.[20] Solicitó del foro primario la no imposición de sanciones a la parte apelante por la indisposición de salud de la representante legal de dicha parte.

El 19 de agosto de 2025, el TPI emitió una *Sentencia* donde desestimó con perjuicio la reclamación de epígrafe, al amparo de la Regla 39.2(a) de la Procedimiento Civil, *supra.*[21] Además, impuso a la parte apelante la cantidad de $10,000.00 en concepto de honorarios de abogado por temeridad, conforme a la Regla 44.1(d) de Procedimiento Civil, *supra.* De igual modo, expuso que, al momento de emitir la *Sentencia,* el incumplimiento con la *Orden* del 11 de julio de 2025 había acumulado una sanción de $21,000.00.

El 4 de septiembre de 2025, la parte apelante presentó una *Reconsideración y relevo,*[22] a la que se opuso la Sra. Victoire el 15 de septiembre de 2025.[23]

Sin embargo, el 16 de septiembre de 2025, el foro primario emitió una *Resolución sobre reconsideración* donde declaró no ha lugar la petición de reconsideración radicada por la parte apelante.[24]

Inconforme, la parte apelante radicó una *Apelación* ante nos el 16 de octubre de 2025 y expuso los siguientes señalamientos de error:

---

[19] *Íd.*, Entrada Núm. 134.
[20] *Íd.*, Entrada Núm. 135.
[21] *Íd.*, Entrada Núm. 136. Notificada y archivada en autos el 20 de agosto de 2025.
[22] *Íd.*, Entrada Núm. 137.
[23] *Íd.*, Entrada Núm. 139.
[24] *Íd.*, Entrada Núm. 140. Notificada y archivada en autos el 16 de septiembre de 2025.

**PRIMER ERROR: El TPI erró al desestimar la causa de acción presentada por Singh LLC por alegado incumplimiento, sin observar la progresión de severidad de sanciones ni el término de treinta (30) días para corregir la situación de incumplimiento, provistos por la Regla 39.2(a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 39.2(a).**

**SEGUNDO ERROR: El TPI erró al imponer a Singh LLC honorarios por temeridad.**

**TERCER ERROR: El TPI erró al imponer directamente a Singh LLC una sanción de veintiún mil dólares ($21,000) sin observar las garantías de debido proceso de ley aplicables a la figura del desacato civil y sin estar presente la intención de incumplir con las órdenes del Tribunal; en la alternativa, erró el TPI al calcular dicha cuantía a base de veintiún (21) dde incumplimiento cuando debieron ser catorce (14) días de alegado incumplimiento.**

**CUARTO ERROR: El TPI erró al dictar Sentencia contra Singh LLC mediando error manifiesto de Derecho, pasión, prejuicio y parcialidad.**

Por su parte, la parte apelada presentó un *Alegato en oposición a apelación* el 17 de noviembre de 2025.

**II.**

**A.**

Las sanciones son un tipo de mecanismo procesal que permite a los tribunales imponer su autoridad, pronunciamientos y jurisdicción. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807, 818-819 (2023). En particular, la Regla 34.3 de Procedimiento Civil, *supra*, establece el proceso que las partes y el tribunal deben seguir con relación a una controversia sobre descubrimiento de prueba, al igual que postula las consecuencias para la parte que se rehúsa a cumplir con una orden del TPI al respecto. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, págs. 818-819. Específicamente, la Regla 34.3 de Procedimiento Civil, *supra*, dispone lo siguiente:

(a) *Desacato.* Si cualquier deponente rehúsa prestar juramento o se niega a contestar alguna pregunta después que el tribunal ordenó que lo haga, la negativa podrá ser considerada como desacato.

(b) *Otras consecuencias.* Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:

(1) Una orden para que las materias comprendidas en las órdenes antes mencionadas o cualesquiera otros hechos designados por el tribunal, sean considerados como probados a los efectos del pleito, en conformidad con la reclamación de la parte que obtuvo la orden.

(2) Una orden para impedir a la parte que incumpla que sostenga o se oponga a determinadas reclamaciones o defensas, o para prohibirle la presentación de determinada materia en evidencia.

(3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.

(4) En lugar de cualquiera de las órdenes anteriores o adicional a ellas, una orden para considerar como desacato al tribunal la negativa a obedecer cualquiera de dichas órdenes, excepto una orden para someterse a un examen físico o mental.

(5) Cuando una parte deja de cumplir con una orden bajo la Regla 32 requiriéndole que presente para examen a otra persona bajo su tutela, custodia o patria potestad, o cualesquiera de las órdenes mencionadas en los subincisos (1), (2) y (3) de este inciso, excepto que la parte que incumpla demuestre que está impedida de presentar tal persona para examen.

(6) Una orden, bajo las condiciones que estime justas, para imponer a cualquier parte, testigo o abogado o abogada una sanción económica como resultado de sus actuaciones.

. . . .

Por medio de esta regla, el tribunal puede sancionar a las partes económicamente. Asimismo, bajo la Regla 37.7 de Procedimiento Civil, *supra,* R. 37.7, si una parte o su representante legal incumple con los términos y señalamientos de esa regla o incumple con cualquier orden del tribunal para el manejo del caso sin justa causa, el tribunal impondrá a la parte o su representante legal la sanción económica correspondiente. Para acreditar la justa causa necesaria para incumplir con un término de cumplimiento

estricto, no se podrá sostener con meras alegaciones generales o excusas superfluas. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 87 (2013). Es decir, la parte que actúa tardíamente debe constar las circunstancias específicas que ameriten reconocerse como justa causa, y, si no lo hace, los tribunales "carece[n] de discreción para prorrogar el término y, por ende, acoger el recurso ante su consideración". *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Soto Pino v. Uno Radio Group*, *supra*, págs. 90-91. Es meritorio notar también que la imposición de estas sanciones "siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).

Por otro lado, la desestimación de la demanda es uno de los castigos más severos para la parte que desobedece una orden para descubrir prueba. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 819; *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 701 (2020). Por ende, previo a ordenar la desestimación del pleito, el tribunal debe ejecutar el orden de prelación que establece la Regla 39.2(a) de Procedimiento Civil, *supra*. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820. La Regla 39.2(a) de Procedimiento Civil, *supra*, expone:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea

corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

. . . .

En primer lugar, el tribunal debe apercibir de la situación a la representación legal de la parte y concederle oportunidad para responder. Ahora, "[s]i el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y notificará directamente a la parte sobre el asunto". *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820; *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 702. Una vez la parte ha sido apercibida de lo ocurrido y de las consecuencias que conllevan el incumplimiento, deberá corregirla dentro del término que el foro primario le conceda. El plazo conferido será razonable, y ante ausencias de circunstancias que lo justifiquen, no será menor de treinta (30) días. Si la parte no toma acción correctiva al respecto, no podrá querellarse ante ningún foro respecto a que se le despojó injustificadamente de su causa de acción y/o defensas. Al cumplirse con este trámite, el tribunal estará en posición para imponer la sanción que corresponda. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820; véase además, *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 702.

Por otro lado, a tenor con el inciso (c) de la Regla 39.2 de Procedimiento Civil, *supra*, R. 39.2(c), a excepción de la desestimación por falta de jurisdicción o parte indispensable o a menos que el tribunal disponga lo contrario, una desestimación bajo la Regla 39.2 de Procedimiento Civil, *supra*, R. 39.2, tiene el efecto de una adjudicación en los méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820.

Sin embargo, nuestro ordenamiento jurídico favorece la ventilación de los casos en sus méritos. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992). Precisamente, las sanciones tienen el objetivo de incitar a una parte a responder rápidamente para alcanzar una solución justa, rápida y económica de los pleitos, y atender las controversias en sus méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc., supra,* pág. 818. En esa misma línea, el poder inherente de los tribunales para imponer sanciones permite la flexibilidad para elegir la sanción y ajustarla a los hechos, a la reclamación de la que trate, y al propósito que se persigue. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc., supra,* pág. 818; *Pagán Rodríguez v. Rivera Schatz,* 206 DPR 277, 288 (2021).

Como norma general, los tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con sus órdenes por medio de su oportuna intervención. *Mejías v. Carrasquillo,* 185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 819 (1986). De igual modo, poseen el poder discrecional de desestimar una demanda, empero, dicha determinación debe realizarse juiciosa y apropiadamente. *Mejías v. Carrasquillo, supra,* pág. 298.

**B.**

Cónsono con lo anterior, la Regla 44.1(d) de Procedimiento Civil de Puerto Rico, *supra,* regula lo relacionado a los honorarios de abogados por temeridad. En lo pertinente, esta norma establece:

> (d) *Honorarios de abogado.* En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta. En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

La temeridad es "aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables". *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010). Es decir, cuando una parte perdidosa " 'por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito' ". *Asociación de Salud Primaria de Puerto Rico, Inc. v. Estado libre Asociado*, 2025 TSPR 75 (*citando a González Ramos v. Pacheco Romero*, 209 DPR 138, 149 (2022)). También se manifiesta cuando la actitud de la parte afecta el buen funcionamiento, al igual que la administración de la justicia, sujetando al litigante inocente a una ordalía judicial innecesaria. *Asociación de Salud Primaria de Puerto Rico, Inc. v. Estado libre Asociado, supra*; *Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713, 718 (1987).

Por ende, esta imposición de honorarios tiene el propósito de disuadir la litigación frívola y fomentar mediante transacciones la compensación a la parte victoriosa del pleito por los daños económicos y molestias causados por la temeridad de la otra parte. *Fernández v. San Juan Cement Co., Inc.*, *supra,* pág. 722; *Marrero Rosado v. Marrero Rosado, supra,* pág. 505. Una vez el foro sentenciador concluye que una parte ha actuado de manera temeraria, corresponde la imposición de honorarios de abogado. *P.R. Oil v. Dayco,* 164 DPR 486, 511 (2005). Esta determinación descansa en la sana discreción del tribunal, y, por ende, los foros revisores solo intervendrán cuando de tal actuación surja un claro abuso de discreción. *Martínez Maldonado v. Consejo de Seguridad y*

*Recreación de Urbanización Villamar Este, Inc. (Conserve)*, 2024 TSPR 125.

**C.**

Es harto conocido que, en nuestro ordenamiento jurídico, los foros apelativos no intervienen con la apreciación de la prueba, adjudicación de credibilidad y las determinaciones de hechos realizadas por los foros sentenciadores, con excepción de una actuación del juzgador movida por pasión, prejuicio o parcialidad, o que actuó mediante error manifiesto. *Gómez Márquez v. Periódico el Oriental, Inc.*, 203 DPR 783, 793 (2020); véase además, *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 778 (2022). "[L]a tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada, lo que incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz". *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). De esta forma, la deferencia judicial está predicada en que los jueces de los foros de instancia están en mejor posición para aquilatar la prueba testifical, pues pueden oír, ver y apreciar el comportamiento de la persona testigo. *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., supra*, pág. 779; *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 219 (2021).

Incurre en pasión, prejuicio o parcialidad "aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna". *Dávila Nieves v. Meléndez Marín, supra*, pág. 782. Por otro lado, el error manifiesto ocurre cuando el foro apelativo queda convencido de que se cometió un error, aunque exista evidencia que sostenga las conclusiones de hecho del foro primario, pues "existe

un conflicto entre las conclusiones y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., supra*, pág. 779. Además, "las diferencias de criterio jurídico no cumplen con el referido estándar de revisión". *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., supra*, pág. 780; *Gómez Márquez v. Periódico el Oriental, Inc., supra*, pág. 794.

**III.**

A juicio del foro primario, procedía la desestimación con perjuicio del caso de epígrafe, al amparo de la Regla 39.2(a) de la Procedimiento Civil, *supra*,[25] al igual que la imposición de una suma de $10,000.00 en concepto de honorarios de abogado por temeridad, conforme a la Regla 44.1(d) de Procedimiento Civil, *supra*, en contra de la parte apelante. Asimismo, según la determinación apelada, se acumuló una sanción de $21,000.00 en contra de la parte apelante por el incumplimiento con la *Orden* emitida el 11 de julio de 2025.

El TPI fundamentó su dictamen en que "la determinación que tomamos hoy de desestimar la demanda no surge por un primer o único incumplimiento, sino a raíz de conducta reiterada de desatención y desafío a las órdenes judiciales y de obstaculización del descubrimiento de prueba que no ha podido ser remediado con apercibimientos ni sanciones económicas, ni con notificaciones directas a la propia parte".[26] Específicamente, expuso lo siguiente:

> **[L]a parte demandante ha incumplido múltiples órdenes del Tribunal, ha entorpecido el descubrimiento de prueba, ha sido sancionada económicamente, ha incumplido con el pago de las sanciones económicas, fue sancionada dando por renunciadas sus objeciones al descubrimiento de prueba, fue apercibida en dos ocasiones de que incumplir con las órdenes del Tribunal conllevaría la desestimación y fue notificada directamente de las consecuencias del incumplimiento.**

---

[25] *Íd.*, Entrada Núm. 136. Notificada y archivada en autos el 20 de agosto de 2025.
[26] *Íd.*, pág. 5.

En lugar de demostrar intención de cumplir, ha comparecido tardíamente el 18 de agosto de 2025 a solicitar tiempo adicional, vencidos **todos** los términos concedidos, sin pagar las sanciones impuestas, sin cumplir si quiera parcialmente con las órdenes pendientes, sin cumplir con la Regla 6.6 de Procedimiento Civil sobre las solicitudes de prórroga y sin presentar evidencia alguna de justa causa posterior al periodo de descanso médico ordenado hasta el 20 de junio de 2025.

. . . .[27] (Énfasis en el original).

De acuerdo con la parte apelante, el foro primario incidió al desestimar la causa de acción ante nos por no observar la progresión establecida en la Regla 39.2(a) de Procedimiento Civil, *supra*, incluyendo el término de treinta (30) días para corregir esa situación. De igual modo, expresó que el TPI erró al imponer honorarios de abogado por temeridad y al actuar, mediando error manifiesto de derecho, pasión, prejuicio y parcialidad. Por último, según la parte apelante, el foro *a quo* incidió al imponerle una sanción por la cantidad de $21,000.00 sin observar las garantías de debido proceso de ley aplicables a la figura de desacato civil y en ausencia de una intención de incumplir; y, en la alternativa, al calcular dicha cuantía a base de veintiún (21) días, en lugar de catorce (14) días de alegado incumplimiento.

Por su parte, la Sra. Victoire suplicó la confirmación del dictamen apelado dado a que el foro primario fue paciente al reiterar órdenes en más de una ocasión incluyendo sanciones progresivas y apercebimientos a la representación legal de la parte apelante y directamente a la parte apelante. De igual modo, planteó que no existía fundamento para concluir que el TPI incurrió en derecho, pasión, prejuicio ni parcialidad, ni procedía la revocación de la imposición de temeridad, al tratarse de una determinación discrecional del foro primario y al ser resultado de la conducta temeraria y frívola de la parte apelante. Por último, conforme a la

---

[27] *Íd.*, pág. 7.

Sra. Victoire, la imposición de sanción por la cantidad de $21,000.00 procedía conforme a la *Orden* del 11 de julio de 2025, donde el foro primario condenó a la parte apelante a una cantidad de $1,000.00 cada día transcurrido sin la entrega de los documentos.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario no incurrió en ninguno de los señalamientos de error.

Según pormenorizamos anteriormente, antes de ordenar la desestimación del pleito, el tribunal debe ejecutar el orden de prelación que establece la Regla 39.2(a) de Procedimiento Civil, *supra*. En primer lugar, el tribunal debe apercibir de la situación a la representación legal de la parte y concederle oportunidad para responder. Si la representación legal no responde al apercibimiento, el tribunal procederá a imponerle al represente legal de la parte severas sanciones y notificará directamente a la parte sobre la situación. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820. Una vez la parte ha sido apercibida de lo ocurrido y de las consecuencias que conllevan el incumplimiento, deberá corregirla dentro del término que el foro primario le conceda. Regla 39.2(a) de Procedimiento Civil, *supra*; *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820. El plazo conferido será razonable, y no será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen la reducción del término. Si la parte no toma acción correctiva al respecto, no podrá querellarse ante ningún foro respecto a que se le despojó injustificadamente de su causa de acción y/defensas. Al cumplirse con este trámite, el tribunal estará en posición para imponer la sanción que corresponda. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, *supra*, pág. 820; *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 702.

A tenor con el expediente ante nos, el foro primario emitió una primera **Orden el 13 de mayo de 2025** en la que ordenó a la parte

apelante a entregar los documentos solicitados dentro de un término de 15 días; y declaró No Ha Lugar la petición de orden protectora realizada por la parte apelante para evitar la deposición del señor Parminder Singh como su representante.[28]

Luego de múltiples escritos de ambas partes, el TPI dictó una segunda ***Orden sobre deposiciones y prueba documental* el 30 de mayo de 2025**.[29] Por un lado, advirtió sobre la imposición de severas sanciones bajo la Regla 34.3 de Procedimiento Civil, *supra*, del señor Parminder Singh no comparecer a su deposición y de la imposición de sanciones ante el incumplimiento con la *Orden* del 13 de mayo de 2025 o con los requisitos jurisprudenciales aplicables a la invocación de privilegios.

El **11 de julio de 2025**, el foro *a quo* emitió una tercera ***Resolución y Orden***, notificada directamente a la parte apelante, donde dictaminó que la representación legal de la parte apelante no solicitó prórroga para cumplir con las órdenes y asuntos pendientes.[30] Además, ordenó a la parte apelante a cursar los documentos indicados por el tribunal, y acreditarlo en un término de quince (15) días, y, de incumplir con ello, impondría una sanción de $1,000.00 diarios hasta su cumplimiento. De igual modo, señaló que incumplimientos futuros conllevarían la desestimación de la demanda. Por último, respecto a lo dispuesto en la *Orden* emitida el 30 de mayo de 2025 sobre la deposición del señor Parminder Singh, el foro primario le impuso a la parte apelante una sanción de $250.00.

Posteriormente, el TPI emitió una cuarta ***Orden* el 30 de julio de 2025**, notificada directamente a la parte apelante.[31] Por medio de esta, el foro primario no desestimó la demanda, sino que advirtió

---

[28] *Íd.*, Entrada Núm. 111. Notificada y archivada en autos el 15 de mayo de 2025.
[29] *Íd.*, Entrada Núm. 124. Notificada y archivada en autos el 4 de junio de 2025.
[30] *Íd.*, Entrada Núm. 131. Notificada y archivada en autos el 11 de julio de 2025.
[31] *Íd.*, Entrada Núm. 133. Notificada y archivada en autos el 31 de julio de 2025.

nuevamente sobre la imposición de una sanción de $1,000.00 al día hasta que se entregaran los documentos. Así, concedió a la parte apelante un término final de cinco (5) días para acreditar el pago de la sanción de $250.00 y la entrega de documentos. De igual modo, reiteró la posible desestimación de la demanda de incumplir con dicha orden.

A la luz de todo lo anterior, resolvemos que el TPI actuó conforme al orden de prelación de la Regla 39.2(a) de Procedimiento Civil, *supra*. El foro *a quo* dictó apercibimientos y sanciones económicas a la representación legal de la parte apelante para corregir los incumplimientos. Como esta no corrigió dicha situación, el foro primario apercibió a la parte apelante directamente en <u>dos</u> ocasiones-cuando la Regla 39.2(a) de Procedimiento Civil, *supra*, requiere que se realice una sola vez-sobre lo acontecido y las consecuencias de no remediarlo incluyendo la posible desestimación de la demanda. Sin embargo, la parte apelante ni su representante legal cumplieron con las <u>cuatro</u> órdenes, respectivamente, ni solicitaron prórroga para cumplir con las mismas ni mucho menos pagaron las múltiples sanciones impuestas, aun cuando el foro primario tomó en cuenta el periodo de descanso médico de la representante legal de la parte apelante, el que duró desde el 10 de junio de 2025 hasta el 20 de junio de 2025.[32] En su consecuencia, resolvemos que el foro primario no cometió el <u>primer</u> señalamiento de error.

Tal como expusimos en la sección anterior, la imposición de honorarios tiene el propósito de disuadir la litigación frívola y fomentar mediante transacciones la compensación a la parte victoriosa del pleito por los daños económicos y molestias causados por la temeridad de la otra parte. *Fernández v. San Juan Cement Co.,*

---

[32] *Íd.*, Entrada Núm. 128, *Certificado*; *Íd.*, Entrada Núm. 131.

*Inc., supra,* pág. 722. Una vez el foro sentenciador concluye que una parte ha actuado de manera temeraria, corresponde la imposición de honorarios de abogado. *P.R. Oil v. Dayco, supra,* pág. 511. Esta determinación descansa en la sana discreción del tribunal, y, por tanto, los foros revisores solo intervendrán cuando de tal actuación surja un claro abuso de discreción. *Martínez Maldonado v. Consejo de Seguridad y Recreación de Urbanización Villamar Este, Inc. (Conserve), supra.*

Por medio de la *Sentencia* apelada, el foro primario impuso a la parte apelante la cantidad de $10,000.00 en concepto de honorarios de abogado por temeridad, conforme a la Regla 44.1(d) de Procedimiento Civil, *supra.* Dictaminamos que, en el ejercicio de su discreción, el foro *a quo* no cometió el <u>segundo</u> señalamiento de error considerando la evidente conducta temeraria de la parte apelante, quien no solo entorpeció el descubrimiento de prueba, sino que reiteradamente incumplió con las órdenes de dicho tribunal.

El TPI tampoco cometió el <u>tercer</u> error planteado por la parte apelante en cuanto a haber incurrido en error manifiesto, pasión, prejuicio y parcialidad. Lo anterior, pues este estándar aplica a controversias sobre la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos realizadas por el foro primario. Empero, el asunto ante nos no consiste en ninguna de estas circunstancias. La controversia en cuestión versa sobre el comportamiento de la parte apelante y su representación legal, y el entorpecimiento de la parte apelante con el descubrimiento de prueba.

Por último, según la parte apelante, el TPI incidió al imponerle una sanción de $21,000.00 sin observar las garantías de debido proceso de ley aplicables a la figura de desacato civil. No le asiste razón. La Regla 34.3 de Procedimiento Civil, *supra,* delimita las consecuencias de no acatar una orden sobre descubrimiento de

prueba. Entre las sanciones aplicables, se encuentran el desacato, así como la emisión de órdenes relacionadas a eliminar alegaciones o parte de ellas; desestimar el pleito; desacato al tribunal; sanciones económicas a cualquier parte, testigo o representante legal; el pago de los gastos incurridos, al igual que los honorarios de abogados; entre otras. En el presente caso, el foro primario no impuso desacato alguno. En cambio, emitió órdenes advirtiendo e imponiendo sanciones económicas tanto a la parte apelante como a su representante legal, que, ante su continuo incumplimiento con las mismas, el foro *a quo* desestimó el pleito de epígrafe. En particular, por medio de la *Orden* del 11 de julio de 2025, el foro primario expuso lo siguiente:

> **Se ordena a la parte demandante entregar los documentos a la demandada y acreditarlo al Tribunal en el término de 15 días, contados a partir de la notificación de la presente orden. Se advierte a la parte demandante que el incumplimiento con esta orden conllevará la imposición de una sanción de $1,000 diarios hasta que se cumpla. Advierta también que incumplimientos futuros conllevarán la desestimación de la demanda.[33]**

(Énfasis suplido en el original).

Como esa *Orden* fue notificada el 11 de julio de 2025, el término de quince (15) días comenzó a decursar a partir de esa fecha y venció el sábado, 26 de julio de 2025. Por caer un sábado y el lunes, 28 de julio de 2025 ser un día feriado, este término se corrió hasta el martes, 29 de julio de 2025. Sin embargo, la parte apelante nunca cumplió con la entrega de los documentos ni mucho menos lo acreditó. Así, transcurrieron veintiún (21) días entre el 29 de julio de 2025 hasta el 19 de agosto de 2025, cuando se emitió la *Sentencia* apelada. Al multiplicar los veintiún (21) días con $1,000.00, se obtiene un total de $21,000.00. Consecuentemente, el foro primario tampoco cometió el cuarto y último planteamiento de error.

---

[33] *Íd.*, Entrada Núm. 131, pág. 3.

## IV.

Por las razones discutidas anteriormente, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones