ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EMILIO SOLER RAMIREZ<br><br>RECURRIDO<br><br>v.<br><br>ESTEL QUIÑONES CATALA<br><br>PETICIONARIA | TA2026CE00049 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV00049<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 24 de marzo de 2026.

El 30 de enero de 2026 y notificada el 2 de febrero de 2026 este Tribunal dictó una *Resolución* en la que desestimó el caso de epígrafe por falta de jurisdicción debido a su presentación tardía. Sin embargo, el 10 de febrero de 2026, la señora Estel Quiñones Cátala (en adelante, señora Quiñones o peticionaria), presentó una oportuna *Moción de Reconsideración* en la que expresó la justa causa para la dilación en la presentación del recurso.

Tras concederle un término al licenciado Emilio F. Soler Ramírez (en adelante, recurrido) para que expresara su posición sobre la solicitud de reconsideración presentada por la peticionaria, el 20 de febrero de 2026 el recurrido compareció mediante *Oposición a Moción de Reconsideración*.

Luego de evaluar ambos escritos, mediante *Resolución* dictada el 24 de febrero de 2026, acordamos reconsiderar la *Resolución* emitida el 30 de enero de 2026 y notificada el 2 de febrero de 2026 y, en consecuencia, dictar la presente *Sentencia en Reconsideración*.

Por los fundamentos que se exponen a continuación, dejamos sin efecto nuestra *Resolución* del 30 de enero de 2026. En su lugar, expedimos el recurso de *certiorari* solicitado y **revocamos** el dictamen recurrido.

**I.**

El 9 de enero de 2025, el recurrido presentó en el TPI una *Demanda*[1] en cobro de dinero contra la señora Quiñones, reclamando la suma de $49,115.63, por concepto de honorarios profesionales y gastos legales incurridos durante la representación brindada entre mayo de 2022 y diciembre de 2023. Según alegó en su *Demanda,* la valoración de los servicios se realizó en base al principio de *quantum meruit* ya que el contrato original conllevaba una contingencia.

Surge del expediente que la señora Quiñones fue emplazada personalmente el 14 de enero de 2025.[2] Posteriormente, el 10 de febrero de 2025, la peticionaria compareció mediante representación legal solicitando una prórroga para contestar la demanda, la cual fue concedida.[3] No obstante, el 7 de marzo de 2025, su representación legal solicitó la renuncia, la cual fue autorizada por el foro primario, quedando la peticionaria sin representación legal.[4]

El 1 de mayo de 2025, el recurrido presentó una *Moción para Anotar Rebeldía*[5] ante la falta de comparecencia de la peticionaria, así como una *Moción de embargo preventivo en aseguramiento de sentencia*[6]. Luego de acreditarse el diligenciamiento del emplazamiento a la peticionaria, el foro primario anotó la rebeldía a la señora Quiñones mediante *Orden sobre cumplimiento*[7] del 5 de mayo de 2025.

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Véase Entrada Núm. 12 del SUMAC del TPI.
[3] Entradas Núm. 4 y 5 del SUMAC del TPI.
[4] Entradas Núm. 6 y 7 del SUMAC del TPI.
[5] Entrada Núm. 8 del SUMAC del TPI.
[6] Entrada Núm. 9 del SUMAC del TPI.
[7] Entrada Núm. 13 del SUMAC del TPI.

El TPI celebró una *Vista* el 8 de septiembre de 2025, a la cual no compareció la peticionaria[8], y en la que declaró Ha Lugar la *Demanda* presentada y concedió un término al recurrido para someter proyecto de sentencia.[9]

Así las cosas, el 12 de septiembre de 2025, el foro primario notificó una *Sentencia*[10] en rebeldía a favor del recurrido y ordenando a la peticionaria el pago de $49,115.63, más el pago de intereses por mora adeudados desde el 1 de enero de 2024 hasta la fecha en que se dictó la sentencia, así como $4,911.56 por concepto de costas y honorarios de abogado, más intereses post-sentencia acumulados hasta el pago total de la deuda. Dicha sentencia fue notificada por correo regular a la dirección de la señora Quiñones registrada en el caso.

Posteriormente, el 15 de octubre de 2025, el recurrido presentó una *Moción solicitando ejecución de sentencia*[11], la cual fue declarada Con Lugar mediante *Orden de embargo*[12] y *Mandamiento sobre ejecución de sentencia*[13] notificados el 16 de octubre de 2025.

El 26 de noviembre de 2025, la peticionaria compareció nuevamente y presentó una *Moción bajo la Regla 49.2 de Procedimiento Civil*[14], alegando, entre otros fundamentos, falta de notificación de la vista celebrada el 8 de septiembre de 2025 y de la sentencia, así como ausencia de prueba suficiente para sostener la determinación del tribunal. El 3 de diciembre de 2025 el recurrido presentó su *Oposición a Moción de Relevo de Sentencia*[15].

Al día siguiente, el 4 de diciembre de 2025, el recurrido presentó una *Moción de Retiro de Fondos*[16], informando que en la Unidad de Cuentas

---

[8] Del expediente surge que la vista fue señalada en una vista previa celebrada el 14 de julio de 2025, a la cual tampoco compareció la peticionaria y cuya *Minuta* fue notificada a la dirección de correo postal registrada en el caso. Véase Entrada Núm. 14 del SUMAC del TPI.
[9] Entrada Núm. 15 del SUMAC del TPI.
[10] Entrada Núm. 16 del SUMAC del TPI.
[11] Entrada Núm. 17 del SUMAC del TPI.
[12] Entrada Núm. 18 del SUMAC del TPI.
[13] Entrada Núm. 19 del SUMAC del TPI.
[14] Entrada Núm. 20 del SUMAC del TPI.
[15] Entrada Núm. 22 del SUMAC del TPI.
[16] Entrada Núm. 24 del SUMAC del TPI.

habían sido consignados $58,202.01 como resultado del embargo y, por tanto, solicitó al tribunal autorización para retirar dichos fondos. A dicha moción, la peticionaria presentó una *Oposición Urgente a Moción de Retiro de Fondos*[17], reiterando sustancialmente los argumentos ya planteados en su moción de relevo de sentencia.

En atención a lo anterior, el 10 de diciembre de 2025 el TPI dictó una *Resolución Interlocutoria*[18] en la que declaró No Ha Lugar la solicitud de relevo de sentencia presentada por la señora Quiñones. Ese mismo día, el foro primario ordenó que los fondos embargados permanecieran consignados en la Unidad de Cuentas, en espera de ulterior determinación.[19]

El 26 de diciembre de 2025, el recurrido presentó una *Moción de Reconsideración sobre Orden de Retiro de Fondos*[20], argumentando que, una vez denegado el relevo de sentencia, el foro primario carecía de facultad para suspender la ejecución. Por su parte, el 6 de enero de 2026, la peticionaria presentó su oposición, alegando que la moción había sido presentada fuera del término de quince (15) días establecido en la Regla 47 de Procedimiento Civil.[21]

El 12 de enero de 2026 la peticionaria presentó el recurso de epígrafe en el que plantea que el TPI cometió los siguientes errores:

**A. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DICTAR SENTENCIA EN EL PRESENTE CASO CUANDO NO CONSTA EN AUTOS QUE LA PARTE PETICIONARIA HAYA RECIBIDO NOTIFICACI[Ó]N PARA COMPARECER A LA VISTA EN REBELD[Í]A DE 8 DE SEPTIEMBRE DE 2025.**

**B. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR QUE LA SENTENCIA DICTADA EN EL PRESENTE CASO AL PRESENTE ES FINAL, FIRME E INAPELABLE.**

**C. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR HA LUGAR LA PRESENTE DEMANDA CUANDO LA PRUEBA PRESENTADA POR LA PARTE DEMANDANTE NO**

---

[17] Entrada Núm. 25 del SUMAC del TPI.
[18] Entrada Núm. 30 del SUMAC del TPI.
[19] Véase *Orden* en la Entrada Núm. 27 del SUMAC del TPI.
[20] Entrada Núm. 32 del SUMAC del TPI.
[21] Entrada Núm. 33 del SUMAC del TPI.

**CUMPLE CON LOS REQUISITOS ESTABLECIDOS EN LOS CASOS DE QUANTUM MERIUT DEL TRIBUNAL SUPREMO.**

**D. ERR[Ó] EL HONORABLE TRIBUNAL DE INSTANCIA AL CONCEDERLE $4,911.56 AL RECURRIDO EN CONCEPTO DE HONORARIOS DE ABOGADO E INTERESES CUANDO NO SE HIZO MENCI[Ó]N ALGUNA DE QUE HUBIERA MEDIADO TEMERIDAD DE LA PARTE PETICIONARIA EN EL PRESENTE CASO.**

En la misma fecha, la peticionaria presentó, además, una *Moción en Auxilio de Jurisdicción*[22] solicitando la paralización de los fondos consignados mientras se resolvía este recurso apelativo, la cual fue declarada No Ha Lugar mediante *Resolución*[23] emitida y notificada el 13 de enero de 2026.

Posteriormente, tras varios incidentes procesales, mediante *Resolución*[24] emitida el 30 de enero de 2026 desestimamos inicialmente el recurso por falta de jurisdicción, al entender que había sido presentado tardíamente. Inconforme, el 10 de febrero de 2026 la peticionaria presentó una oportuna *Moción de Reconsideración*[25] en la que expuso la justa causa para la dilación en la presentación del recurso. Luego de concederse un término al recurrido para fijar su posición[26] y evaluados los escritos de ambas partes, este Tribunal determinó reconsiderar su dictamen y atender el recurso mediante la presente *Sentencia en Reconsideración.*[27]

El 16 de marzo de 2026, el recurrido presentó su *Oposición a expedición de auto de certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las

---

[22] Véase Anejo en la Entrada Núm. 2 del SUMAC del TA.
[23] Entrada Núm. 5 del SUMAC del TA.
[24] Entrada Núm. 10 del SUMAC del TA.
[25] Entrada Núm. 11 del SUMAC del TA.
[26] Véase Entrada Núm. 13 del SUMAC del TA.
[27] Entrada Núm. 14 del SUMAC del TA.

decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo, supra*, pág. 372, citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corp. et al.*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se

recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

Ahora bien, nuestro Tribunal Supremo, al interpretar la Regla 52.1 de Procedimiento Civil, *supra,* ha resuelto que "[l]as resoluciones atinentes a asuntos postsentencia [como la de autos] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari.*" *IG Builders et al. v. BBVAPR, supra,* pág. 339. Por ello, cuando se recurre de un asunto postsentencia, para determinar si procede expedir o denegar un recurso de *certiorari* debemos evaluar los criterios enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR ___ (2025), R. 40. Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez,

*Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

### B. Sentencia en rebeldía

El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011), citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1340. A esos efectos, procede la anotación de rebeldía cuando el demandado no comparece a contestar la demanda u ofrecer alguna defensa a su favor. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823 (2023); *Rivera Figueroa v. Joe's European Shop, supra*, pág. 589. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

La anotación de rebeldía tiene el efecto de que se consideren como ciertos **los hechos bien alegados** y que a la parte en rebeldía se le impida presentar prueba para controvertirlos. *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 814 (1978). (Énfasis nuestro). Es decir, esta tiene como implicación que el foro primario dicte sentencia, según proceda como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros, supra*, pág. 824; *Rivera Figueroa v. Joe's European Shop, supra*, pág. 598.

Al respecto, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, es la disposición que define los asuntos concernientes con la anotación de rebeldía. En lo pertinente, dispone:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Como corolario de lo anterior, **el trámite en rebeldía conlleva, como norma general, que se tengan por admitidas todas y cada una de las materias bien alegadas en la demanda.** *Álamo v. Supermercado Grande, Inc., supra*, pág. 101; *Continental Ins. Co. v. Isleta Marina, supra*, pág. 815. (Énfasis nuestro). En ese mismo sentido, el concepto de "materias bien alegadas" alude a **aquellos hechos que han sido expuestos de forma correcta y suficiente, los cuales, ante la anotación de rebeldía de la parte demandada, se consideran admitidos.** *Álamo v. Supermercado Grande, Inc.*, *supra*; *Continental Ins. Co. v. Isleta Marina, supra*; *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 931 (1996). (Énfasis nuestro).

No obstante, conforme a la Regla 45.2(b) de Procedimiento Civil, 32 LPRA Ap. V, el Tribunal Supremo ha reconocido que, "los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Para el descargo de tan delicado ministerio, **la ley reconoce que el proceso de formar consciencia judicial exige la comprobación "de cualquier aseveración" mediante prueba.**" *Hernández v. Espinosa*, 145 DPR 248, 272 (1998). (Énfasis nuestro). En otras palabras, si para dictar sentencia en rebeldía el tribunal entiende necesario comprobar la veracidad de alguna alegación o realizar una investigación sobre cualquier otro asunto pendiente, deberá celebrar las vistas que estime necesarias y adecuadas. *Id.*; véase, además, *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577-578 (1997), donde el Tribunal Supremo consideró que se trataba de una obligación del foro primario el celebrar una vista en la cual se exija evidencia para determinar el importe de los daños o comprobar la veracidad de cualquier aseveración.

Por otro lado, la precitada Regla 45.2 (b) dispone que "cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el

pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre." 32 LPRA Ap. V, R. 45.2 (b).

De lo anterior se desprende que el mecanismo procesal de la rebeldía no priva al tribunal de la facultad de evaluar si, a partir de los hechos no controvertidos, existe válidamente una causa de acción que justifique la concesión del remedio solicitado. En ese contexto, reiteramos que los tribunales no están compelidos a conceder indemnizaciones de forma automática por el solo hecho de que un caso se tramite en rebeldía. *Rivera v. Insular Wire Products Corp., supra*, pág. 931; *Continental Ins. Co. v. Isleta Marina, supra.* Asimismo, nuestro Alto Foro ha expresado que, "**un 'trámite en rebeldía no garantiza,** *per se*, **una sentencia favorable al demandante**; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho', ni alegaciones conclusorias". *Rivera v. Insular Wire Products Corp., supra.* (Énfasis nuestro).

En consecuencia, la parte que solicita un remedio debe alegar de forma adecuada y específica aquellos hechos que, de ser tenidos por probados, la hagan acreedora del remedio reclamado. *Álamo v. Supermercado Grande, Inc., supra*, pág. 102. De ahí que resulte esencial evaluar con detenimiento las alegaciones contenidas en la demanda. *Id.*

En cuanto a las alegaciones de una demanda, las Reglas de Procedimiento Civil recogen el principio de que estas deben ser sucintas y sencillas, bastando con que expongan hechos demostrativos que justifiquen la concesión de un remedio. Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V. Tales alegaciones deben cumplir con la función de notificar razonablemente a la parte adversa la naturaleza y los fundamentos de la reclamación. *Álamo v. Supermercado Grande, Inc., supra*, págs. 102-103; *Rivera Flores v. Cía. ABC*, 138 DPR 1, 8 (1995). No obstante, toda vez que su propósito es bosquejar la controversia, estas se interpretarán de forma conjunta y

liberalmente a favor de la parte demandante o querellante. *Álamo v. Supermercado Grande, Inc.*, *supra*, pág. 103.

### C. Moción de relevo de sentencia

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece el mecanismo procesal que tiene disponible una parte para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando estén presentes alguno de los fundamentos allí expuestos. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010). En particular, la citada regla establece que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude, falta representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sine efecto, o no sería equitativo que la sentencia continue en vigor, o
>
> (f) **cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.** (Énfasis nuestro).
>
> [...] La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
>
> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
>
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
>
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal. 32 LPRA Ap. V, R. 49.2.

La moción de relevo de sentencia constituye un mecanismo post sentencia creado con el objetivo de impedir que los fines de la justicia se vean frustrados por tecnicismos y sofisticaciones. *García Colón et al. v. Sucn. González, supra*; *Náter v. Ramos*, 162 DPR 616, 624, (2004); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior*, 87 DPR 903, 905–906 (1963). El propósito de este mecanismo procesal es establecer un justo balance entre el interés de que los casos se resuelvan en sus méritos y, por otro lado, promover la finalización de los pleitos. *Oriental Bank v. Pagán Acosta y otros,* 2024 TSPR 133, 215 DPR ___ (2024); *García Colón et al. v. Sucn. González, supra*, pág. 540; *Náter v. Ramos, supra.*

Para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra,* es indispensable que el promovente aduzca y justifique su solicitud en, al menos, una de las razones enumeradas en la precitada Regla. *Pérez Ríos et al. v. CPE*, 213 DPR 203, 214 (2023); *García Colón et al. v. Sucn. González, supra.* No obstante, el relevo de una sentencia, salvo en los casos de nulidad o cuando la sentencia ya ha sido satisfecha, es un asunto discrecional del juez, quien deberá determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal remedio. *García Colón et al. v. Sucn González, supra,* pág. 541.

Conforme a lo anterior, nuestro Tribunal Supremo ha expresado que "si la parte que solicita el relevo aduce una buena defensa —además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra,* ya mencionadas— y el relevo no ocasiona perjuicio alguno a la parte contraria, éste debe ser concedido." *Id.*, en las págs. 540-541. Asimismo, el tribunal debe considerar los siguientes criterios: (1) cualquier defensa válida que pueda levantar la parte que se opone al relevo de sentencia; (2) el tiempo que transcurrió entre la sentencia y la solicitud del relevo; (3) el perjuicio que sufriría la parte opositora si se concede

la solicitud del peticionario; y (4) el perjuicio que sufriría la parte promovente de dejarle desprovista del remedio solicitado. *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998).

En lo pertinente al caso ante nuestra consideración, cabe recordar que, por disposición expresa de la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, el mecanismo de relevo de sentencia está disponible en cuanto respecta a las sentencias dictadas en rebeldía. A esos efectos, la referida regla dispone que "cuando se haya dictado sentencia en rebeldía, [el tribunal] podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2" de Procedimiento Civil, *supra*.

### D. Norma de *Quantum Meruit*

El contrato de servicios profesionales de abogado ha sido considerado una modalidad del contrato de arrendamiento de servicios, sin embargo, se distingue de este último debido al alto contenido ético que lo reviste y a su naturaleza *sui géneris*. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 215 (2020); *Nassar Rizek v. Hernández*, 123 DPR 360, 369–370 (1989). En ese sentido, se trata de una relación contractual que responde a un interés público superior que puede trascender el interés exclusivo de las partes. *Nassar Rizek v. Hernández*, *supra*, pág. 370.

El Canon 25 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 25, reconoce que un abogado —a quien presuntamente se le adeudan honorarios por virtud de un contrato de servicios profesionales— puede reclamar el pago de estos de forma independiente y posterior al pleito para el cual fue contratado. *Blanco Matos v. Colón Mulero*, 200 DPR 398, 422 (2018). A esos efectos, nuestro Tribunal Supremo ha reiterado que el abogado tiene derecho a recibir una compensación razonable por los servicios prestados. *Cruz Pérez v. Roldan Rodríguez et al.*, 206 DPR 261, 271 (2021); *Pérez v. Col. Cirujanos Dentistas de PR*, 131 DPR 545, 558 (1992).

Cuando no existe un acuerdo expreso respecto a los honorarios, procede acudir a lo dispuesto en el Artículo 1384 del Código Civil de 2020, 31 LPRA sec. 10301, el cual establece que "[e]l precio de los servicios se determina por el convenio de las partes o, en su defecto, por la ley o los usos. Cuando no se haya convenido el precio ni exista ley ni usos aplicables, lo determina el tribunal."

Relacionado con lo anterior se encuentra el principio de *quantum meruit*, el cual permite reclamar una compensación razonable por los servicios profesionales prestados en ausencia de un contrato válido entre las partes. *Blanco Matos v. Colón Mulero, supra*, págs. 413, 422. Esta doctrina "[b]usca evitar el enriquecimiento injusto, proveyendo un remedio de restitución fundamentado en elementos de justicia". *Cruz Pérez v. Roldan Rodríguez et al., supra*, pág. 272.

En tales circunstancias, corresponde al tribunal determinar el valor razonable de los servicios prestados. *Id*. La carga probatoria recae sobre el reclamante, quien afirma tener derecho a la compensación y, por ende, perdería tal derecho si no presenta prueba suficiente. Regla 110 de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R.110(a) y (b); *Cruz Pérez v. Roldan Rodríguez et al., supra*; *Blanco Matos v. Colón Mulero, supra*, pág. 415. En particular, **el abogado demandante debe demostrar: (1) las gestiones profesionales que alegadamente realizó a beneficio de su cliente; (2) las horas o la fracción de tiempo que le dedicó a cada una de las gestiones, y (3) el valor razonable de las horas dedicadas.** *Blanco Matos v. Colón Mulero, supra*; *Colón v. All Amer. Life & Cas. Co.*, 110 DPR 772, 777 (1981). (Énfasis nuestro).

Finalmente, al fijar la cuantía de los honorarios, los tribunales deben considerar los factores enumerados en el Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 24. *Blanco Matos v. Colón Mulero, supra*. Entre estos se encuentran el tiempo y trabajo requeridos, la novedad y complejidad de las cuestiones planteadas, la destreza necesaria para atender

adecuadamente el caso y los honorarios que usualmente se cobran en el distrito judicial por servicios similares. *Id.*

### E. Honorarios por temeridad

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, expone que: "[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta". La imposición de honorarios de abogados constituye una penalidad económica dirigida a la parte que ha litigado de manera temeraria o frívola durante el proceso. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2017, pág. 436. Asimismo, el Tribunal Supremo ha expresado que la temeridad se refiere a "cuando un litigante perdidoso por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista de fundamentos obliga a la otra parte a asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito". *Asoc. Salud Primaria y otros v. ELA*, 2025 TSPR 75, 216 DPR __ (2025).

La decisión de si una parte es o no es temeraria descansa en la sana discreción del tribunal. *Santiago v. Sup. Grande*, 166 DPR 796, 820-821 (2006). Por consiguiente, los foros apelativos intervendrán solamente cuando haya un claro abuso de discreción por parte del foro primario. *Id.*, pág. 821.

El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).

En *Velázquez Ortiz v. UPR,* 128 DPR 234, 239 (1991) (SENTENCIA), nuestro Tribunal Supremo enumeró una serie de criterios o factores que el juzgador de hechos deberá sopesar al imponer una cuantía de honorarios de abogado por temeridad.  Estos son: (1) índole del litigio (2) planteamiento de derecho involucrado; (3) el monto objeto del litigio (4) esfuerzos y actuaciones profesionales requeridas y (5) la destreza y notoriedad de los abogados involucrados. No obstante, en *Corpak, Art Printing v. Ramallo Brothe*rs, 125 DPR 724, 738 (1990), el Tribunal Supremo resolvió que "el grado o intensidad de la conducta temeraria o frívola es el criterio o factor determinante y crítico que tienen que tomar en consideración dichos tribunales al determinar la cuantía de los honorarios de abogado a imponerse a la parte perdidosa que ha actuado con temeridad o frivolidad." Este criterio, a su vez, será el utilizado por los foros apelativos para decidir si los tribunales de instancia han ejercitado de forma correcta o no la discreción que le concede la citada Regla 44.1 (d) de Procedimiento Civil, *supra. Id.*

### III.

En síntesis, la peticionaria plantea que el foro primario erró al: (1) dictar sentencia en rebeldía sin notificarle de la vista celebrada el 8 de septiembre de 2025; (2) tratar la sentencia como final, firme e inapelable; (3) declarar con lugar la demanda sin que la prueba cumpliera con los requisitos aplicables a una reclamación de *quantum meruit*; y (4) conceder honorarios de abogado e intereses sin determinación de temeridad.

De entrada, el primer señalamiento de error no fue cometido. Del expediente surge que la peticionaria fue notificada de la vista en rebeldía celebrada el 8 de septiembre de 2025, así como de la sentencia dictada el 12 de septiembre de 2025. Por consiguiente, no se configuró una violación al debido proceso en ese extremo.

No obstante, ello no dispone del caso. La controversia central es si el foro primario abusó de su discreción al declarar No Ha Lugar la moción de

relevo de sentencia presentada al amparo de la Regla 49.2 de Procedimiento Civil.

Al examinar ese planteamiento, advertimos que la reclamación del recurrido se fundamenta en una teoría de *quantum meruit*, la cual exige que el promovente establezca las gestiones realizadas, el tiempo dedicado y el valor razonable de los servicios prestados. *Blanco Matos v. Colón Mulero*, *supra*, pág. 415; *Colón v. All Amer. Life & Cas. Co., supra.* Aun en un escenario de rebeldía, los tribunales no están llamados a conceder automáticamente el remedio solicitado, sino a asegurarse de que exista base suficiente para ello. *Rivera v. Insular Wire Products Corp., supra*, pág. 931; *Continental Ins. Co. v. Isleta Marina, supra.*

En este caso, la peticionaria, mediante su moción de relevo, cuestionó precisamente la suficiencia de la prueba presentada y la procedencia de las partidas concedidas. Esos planteamientos no eran frívolos ni meramente dilatorios. Por el contrario, se trataba de defensas que, de su faz, ameritaban ser evaluadas con detenimiento, especialmente tratándose de una reclamación de honorarios profesionales bajo *quantum meruit,* donde la carga probatoria recae en el reclamante.

Además, la moción de relevo fue presentada dentro de un término razonable y no surge del expediente que su concesión hubiera causado un perjuicio indebido al recurrido. En cambio, mantener la sentencia sin permitir la ventilación adecuada de esos planteamientos conllevaría sostener una adjudicación cuya base probatoria no fue rigurosamente examinada en un contexto en que ello resultaba necesario.

Bajo ese cuadro, concluimos que el foro primario abusó de su discreción al denegar el relevo de sentencia. En circunstancias como estas, donde la parte promovente levanta defensas sustanciales y la naturaleza de la reclamación exige un análisis más cuidadoso de la prueba, el interés de que los casos se resuelvan en sus méritos debe prevalecer.

En cuanto a los demás señalamientos de error —incluyendo la concesión de honorarios de abogado por temeridad e intereses— estos quedan atendidos como parte de la determinación de relevar a la peticionaria de los efectos de la sentencia, por lo que deberán ser reevaluados por el foro primario en la continuación de los procedimientos.

En consecuencia, expedimos el auto de *certiorari* y revocamos la *Resolución Interlocutoria* emitida el 10 de diciembre de 2025. Se devuelve el caso al TPI para la celebración de un juicio en rebeldía para que la parte demandante presente la prueba para sustentar sus alegaciones.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se ***revoca*** el dictamen recurrido. Se devuelve el caso al TPI para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Ronda del Toro disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones